50218, 50219. GREENE v. CITIZENS & SOUTHERN BANK OF COBB COUNTY (two cases).

SUBMITTED FEBRUARY 11, 1975 — DECIDED FEBRUARY 20, 1975.

74

*Spence & Knighton, Judson R. Knighton,* for appellant.

*Edwards, Awtrey & Parker, Robert J. Grayson,* for appellee.

DEEN, Presiding Judge.

■ Affidavits were submitted in connection with the bank's motion for summary judgment by R. A. Wilson as Consumer Credit Officer for the bank and James Crowell as Secretary-Treasurer of Pugmire Lincoln-Mercury. Both deponents positively identify the contract and financial transaction and swear that no payments were made thereon by the defendant to their respective institutions (statements which the defendant does not deny). Each affidavit thus contains an affirmative showing, within the meaning of *Chandler v. Gately,* 119 Ga. App. 513 (1a) (167 SE2d 697) of facts presumably within the personal knowledge of the affiant by reason of his position. There was no motion to strike or objection to the sufficiency of the motion for summary judgment, and

the judgment entered thereon is not void because of a failure to state explicitly that this fact "is within the personal knowledge of the deponent."

■ (a) The personal property foreclosure statutes were rewritten in Ga. L. 1974, p. 398 et seq., and this second foreclosure proceeding was refiled to comply with their requirements, one of which, Code Ann. § 67-704 requires: "Every effort shall be made by the trial court to expedite a trial of the issues. The defendant shall be allowed to remain in possession of the secured property pending the final outcome of the litigation, provided that the defendant complies with the provisions of section 67-705." Code Ann. § 67-705 requires that *in any case* the defendant shall comply with its provisions by (a) (1) paying into the registry of the court pending final disposition all past due amounts admitted to be due, as to which no defense or counterclaim exists, and (2) all future payments as they come due pending disposition of the action. The defendant admitted that she had neither made nor tendered any instalment payments to anyone as required by the sales contract. Accordingly, that part of the order on summary judgment requiring the plaintiff to pay arrearages and current payments as they came due, and requiring the defendant to surrender possession of the vehicle to the plaintiff, are in accord with the statute. The fact that when the action commenced the vehicle had been turned over to the bank by the garage with which the plaintiff had left it in its wrecked condition, *prior to* the enactment of this law, does not render the proceeding void.

(b) There was testimony that the assignee of the sale contract was Citizens and Southern Bank of Cobb County which had in fact advanced the purchase price, and that the written assignment dated contemporaneously with the sale contract and designating "C & S Cobb Cty." as assignee in fact referred to this entity. This evidence was not disputed in any way. The bank was in fact the entity advancing the money and taking the assignment. The assignment was not rendered invalid by reason of the abbreviation, and the right to assign is clearly spelled out by Code Ann. § 109A-2—210 (2).

■ The plaintiff's deposit in the sum of $1,390.73

might properly be set off against debts owing by her to the bank under the terms of her deposit contract which included the following provision: "To secure any and all indebtedness or liability of depositor to bank, however and whenever incurred or evidence, whether direct or indirect, absolute or contingent, due or to become due, depositors (jointly and severally) hereby transfer and convey to bank all balances, credits, deposits, monies and items now or hereafter in this account, and bank is authorized at any time to charge such indebtedness or liability against this account, whether or not the same is then due, and bank shall not be liable for dishonoring items where the making of such a charge results in there being insufficient funds" etc. The court ruled further in the motion for summary judgment that the bank under this provision had a right of set-off after the defendant's failure to make any of the car payments as they became due, leaving for trial only the issue of the bank's right to take possession of the vehicle in the manner in which it had originally done so. The order further required that the car be returned to the defendant on her paying into court the monthly instalments of $117.90 over and above the credit to be given her for the amounts on deposit which had been appropriated by the bank. These provisions comply with Code Ann. § 67-705, supra. A contract allowing a bank a set-off of its indebtedness to a depositor against the depositor's indebtedness to it is not unconscionable. *Milhouse v. Citizens Bank of Valdosta,* 14 Ga. App. 240 (80 SE 703). No jury question on this issue was raised, and the trial court properly granted summary judgment, conditioning the return of the vehicle to her pending final trial on her payment of instalments owing the bank as assignee of the sale contract.

■ In the companion case it appears that after the summary judgment was appealed to this court, some time having passed and the plaintiff having refused to make payments into the registry of the court as ordered, the defendant asked for and obtained a writ of possession of the vehicle, from which judgment plaintiff also appeals. Ga. L. 1974, pp. 398, 402, amend Code § 67-705 as follows: "(d) If the defendant shall fail to comply with any provisions of section 67-705 to the detriment of plaintiff,

the court shall issue a writ of possession. Issuance of said writ of possession shall not affect the merits of said case but shall only affect the right to possession pending a final decision on the merits." This writ was thus clearly interlocutory in character, and the case is still pending for trial on some of the issues raised. The judgment is not final, there is no certificate of immediate review, and this appeal must be dismissed.

*Judgment affirmed in case No. 50218. Case No. 50219 dismissed. Evans and Stolz, JJ., concur.*