S00G1817. CRAWFORD v. RESULTS ORIENTED, INC.
S00G1820. CRAWFORD v. GREEN TREE FINANCIAL
SERVICING CORPORATION.
S00G1992. CRAWFORD v. CAVALIER HOMES OF ALABAMA,
INC. et al.
(548 SE2d 342)

THOMPSON, Justice.

Ray Crawford purchased a mobile home from Results Oriented, Inc. for $76,000. The mobile home was manufactured by Cavalier Homes of Alabama. Green Tree Financial Servicing Corporation

financed Crawford's purchase of the mobile home.

At the time of sale, Crawford signed documents that required him to arbitrate any claim against the manufacturer, dealer, or lender in Alabama. The dealer presented these documents to Crawford as "standard" for mobile home sales. Though the dealer did not advise Crawford to read or review the documents prior to signing, Crawford was not prevented from doing so.

The arbitration clause was set out in all capital letters and clearly indicated that Crawford would waive his right to a jury trial over any dispute regarding his purchase. However, the clause failed to indicate that Crawford would be responsible for at least portions of the arbitration costs.

Later, when Crawford alleged defects in design and construction of his mobile home, he brought suit in state court against the manufacturer, the dealer and the lender. All three defendants moved for a stay in proceedings and to compel arbitration. The state court denied the motions, finding the arbitration clause procedurally and substantively unconscionable under the two-pronged analysis outlined in *NEC Technologies v. Nelson*, 267 Ga. 390 (478 SE2d 769) (1996). The Court of Appeals reversed, holding that undisclosed arbitration fees could not be the basis for unconscionability. *Results Oriented v. Crawford*, 245 Ga. App. 432 (538 SE2d 73) (2000).

We granted certiorari to consider whether the Court of Appeals erred in holding that the arbitration clause is not unconscionable. We find the Court of Appeals' opinion to be correct and consistent with the United States Supreme Court's recent holding in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U. S. 79 (121 SC 513, 148 LE2d 373) (2000) (mere silence of arbitration agreement on subject of costs is insufficient to render agreement unenforceable). See also *Munoz v. Green Tree Financial Corp.*, 542 SE2d 360 (S.C. 2001) (arbitration clause is not unconscionable as an adhesion contract); *Vintson v. Green Tree Financial Corp. of Alabama*, 753 So2d 497 (Ala. 1999) (arbitration provision is not unconscionable because it lacks mutuality of remedy). It follows that Crawford must arbitrate any claim against defendants, including the validity of the arbitration clause itself.

*Judgment affirmed. All the Justices concur, except Benham, C. J., who dissents.*

HUNSTEIN, Justice, concurring.

I agree with the majority that the United States Supreme Court's holding in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U. S. 79 (121 SC 513, 148 LE2d 373) (2000) resolves this case adversely to appellant. However, a review of the Court of Appeals' opinion reveals that in addressing the merits of appellant's claim

regarding the unconscionability of the Installment Contract under Georgia law, the Court of Appeals failed to apply the appropriate analysis as set forth in *NEC Technologies v. Nelson*, 267 Ga. 390 (478 SE2d 769) (1996), despite the trial court's example in properly applying this case to appellant's claim. *Results Oriented v. Crawford*, 245 Ga. App. 432, 440-441 (1) (538 SE2d 73) (2000). Thus, while the *result* reached by the Court of Appeals may be "correct and consistent with the United States Supreme Court's recent holding," as the majority notes, I would not apply that endorsement to all of the language employed in the lower court's opinion.

DECIDED JUNE 11, 2001.

*T. Michael Flinn*, for appellant.

*Phears & Moldovan, Victor L. Moldovan*, for appellee (case no. S00G1817).

*Kenney & Solomon, Thomas S. Kenney, Robert J. Solomon, Debbie W. Flesch*, for appellee (case no. S00G1820).

*Chambers, Mabry, McClelland & Brooks, Rex D. Smith, Ian R. Rapaport, Beth S. Reeves*, for appellees (case no. S00G1992).

*Mills, Moraitakis, Kushel & Pearson, Albert M. Pearson III, David A. Webster, Ashley Carraway, Mary C. Ball, Linda J. Krisher, Powell, Goldstein, Frazer & Murphy, John T. Marshall*, amici curiae.