A01A1389. SATURNA et al. v. BICKLEY CONSTRUCTION COMPANY.
(555 SE2d 825)

MIKELL, Judge.

Joseph and Denise Saturna entered into a contract with Bickley Construction Company ("Bickley") for the construction of a home on their property. During construction, the Saturnas expressed dissatisfaction with different costs associated with the project and refused to make scheduled payments to Bickley. After the parties failed to resolve their disagreement, Bickley attempted to schedule arbitration, pursuant to the contract. When the Saturnas refused, Bickley filed a petition to compel arbitration in the Superior Court of Bibb County. The trial court heard the petition and ordered that the matter proceed to arbitration. We granted the Saturnas' application for interlocutory appeal and now affirm the trial court's order.

The Saturnas argue that the trial court erred in finding that the arbitration clause was enforceable. The construction of a contract is a question of law for the court, and we apply a de novo standard of review on appeal. OCGA § 13-2-1; *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

Paragraph 8 of the contract, entitled "Arbitration," provides:

All claims or disputes arising out of this agreement shall be decided in accordance with rules of the American Arbitration Association, unless the parties mutually agree otherwise. The parties agree to abide by the decision of said Arbitrator and the party which loses said arbitration shall be

---

[6] *Revis v. State*, 223 Ga. App. 470 (1) (477 SE2d 880) (1996).

responsible for all costs associated with said disagreement that are fair and usual, including but not limited to additional interest, expenses, and lost time.

Next, paragraph 9, "Termination of the Contract," states:

If the Owner [the Saturnas] (a) fails to comply with the provisions of this contract; (b) terminates the contract for any reason other than the builder's [Bickley's] failure to perform; or (c) orders the builder or the builder's agents, employees, or sub-contractors to stop work to be performed by this contract, *then builder may* (a) terminate this contract and retain any down payments and/or deposits as liquidated damages; (b) recover all unpaid costs, expenses, and fees earned to the time of default or termination . . . ; and (c) *institute judicial proceedings for specific performance and/or any other legal and equitable remedies.*

(Emphasis supplied.)

The Saturnas do not contend that the arbitration clause itself is invalid; rather, they argue that because paragraph 9 offers an alternative avenue of redress to Bickley in the event that the contract has been terminated, the arbitration clause in paragraph 8 is unenforceable. They assert that the court erred by enforcing the arbitration clause and ordering that, to the extent there was a conflict between paragraphs 8 and 9, the arbitration clause governed their particular dispute.

We conclude that the trial court properly enforced the arbitration clause. It was the court's duty to determine whether the parties intended to arbitrate the dispute. *Primerica Financial Svcs. v. Wise*, 217 Ga. App. 36, 40 (5) (456 SE2d 631) (1995), citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U. S. 614, 626 (II) (105 SC 3346, 87 LE2d 444) (1985) ("the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute"). See also OCGA § 13-2-3; *Oglethorpe Power Corp. v. Hartwell Energy Ltd. Partnership*, 244 Ga. App. 859, 863 (537 SE2d 372) (2000). Our review of the contract confirms that the parties agreed to submit disputes arising out of the contract to arbitration. The language of paragraph 8 unambiguously expresses the parties' intent.

The language contained in paragraph 9 regarding termination of the contract does not affect our analysis of whether paragraph 8 is enforceable. Contrary to the Saturnas' argument, the two paragraphs are not contradictory. Paragraph 9 provides methods for seeking redress to Bickley in the event that the contract has been termi-

nated. In this case, Bickley has not sought to employ the remedies provided in paragraph 9 and has not alleged that the contract has been terminated; rather, each party contends the other has breached the contract.

Furthermore, we do not find that the contract is unconscionable because it provides additional methods of redress to Bickley. The record shows that the parties bargained for the contract and signed it, demonstrating their intention to be bound by its terms. In *Crawford v. Results Oriented*, 273 Ga. 884, 885 (548 SE2d 342) (2001), the Supreme Court affirmed our holding that a contract containing an arbitration clause was not unconscionable. The Supreme Court cited an Alabama case, *Green Tree Financial Corp. &c. v. Vintson*, 753 S2d 497 (Ala. 1999), for the proposition that an arbitration provision was not unconscionable because it lacked mutuality of remedy. *Crawford*, supra. Additionally, in the underlying case affirmed by the Supreme Court, we stated that "[a]s we have held, the mere existence of an arbitration clause does not amount to unconscionability. Further, lack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability." *Results Oriented v. Crawford*, 245 Ga. App. 432, 441 (1) (c) (538 SE2d 73) (2000), aff'd, supra. Thus, the fact that Bickley had additional means of redress available did not render the contract unenforceable due to unconscionability.

"Georgia courts are required to uphold valid arbitration provisions in contracts." *Bishop Contracting Co. v. Center Bros., Inc.*, 213 Ga. App. 804, 805 (1) (445 SE2d 780) (1994). Therefore, we affirm the trial court's order compelling the parties to submit their dispute to arbitration.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 24, 2001.

*James, Bates, Pope & Spivey, David A. Pope*, for appellants.
*Sell & Melton, Edward S. Sell III, Kevin T. Brown*, for appellee.