**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-60953

GERTRUDE OVERSTREET,

Plaintiff-Appellee,

VERSUS

CONTIGROUP COMPANIES, INC.,
formerly known as Continental Grain Company;

WAYNE FARMS, LLC,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

## INTRODUCTION

Defendants-Appellants Contigroup Companies, Inc. and Wayne Farms, LLC (collectively, "Appellants") appeal the district court's denial of their motion for stay and to compel arbitration. The court denied the motion after concluding that the arbitration clause in the parties' governing contract was unconscionable as it applied to

Plaintiff-Appellee Gertrude Overstreet ("Appellee"). For two separate reasons, we REVERSE and REMAND the case to the district court with instructions.

## FACTUAL BACKGROUND

For twenty-seven years, Appellee was a chicken farmer in Mississippi; and from 1976 to 2001, she raised chickens for Appellants. The parties' relationship was governed by a series of written contracts, the last of which is the subject of this lawsuit.

The contract, entered into in Mississippi on February 14, 2001, provided that (1) Appellants would supply Appellee with baby chickens, feed, and medication, (2) Appellee would raise and care for the chickens, and (3) Appellants would pay Appellee monthly for her services. The contract also included detailed guidelines for raising the chickens in a manner acceptable to Appellants.

In addition, the contract had an arbitration clause, which stated that any controversy between the parties, whether or not it related to the contract, was to be settled by arbitration. Arbitration was to take place

2

before a panel of three arbitrators and was to be paid for by the parties in equal shares. The arbitration clause also contained an express waiver by both parties of exemplary, punitive, and consequential damages.

Finally, the contract contained a choice of law provision. The clause, applicable to the entire contract, stated that the contract "shall be governed by, and interpreted and construed in accordance with, the laws of the State of Georgia . . . ."

On April 13, 2001, approximately two months after signing the contract, Appellee sold her chicken farm and sent Appellants a letter informing them that she would no longer raise chickens.

## PROCEDURAL HISTORY

On April 12, 2004, Appellee filed suit against Appellants in Mississippi state court. In her complaint, Appellee alleged that (1) Appellants fraudulently or negligently induced her into growing chickens for them, (2) Appellants' guidelines for raising the chickens required her to use chemicals that damaged her former farm, and (3) Appellants wrongfully terminated the

3

contract.

In June 2004, Appellants removed the case to the United States District Court for the Southern District of Mississippi. Two weeks later, Appellants, pointing to the contract's arbitration clause, filed a motion for stay and to compel arbitration.

Appellee opposed the motion, arguing that the arbitration clause and the contract in its entirety were unconscionable. The district court did not address the validity of the contract as a whole.[1] But after calculating the expected cost of arbitration pursuant to the arbitration clause, and after considering that cost in light of Appellee's financial situation at the time of litigation, the district court found the arbitration clause unconscionable. Therefore, the court denied Appellants' motion for stay and to compel arbitration.

This timely appeal followed.

---

[1]We too decline to address whether the contract in its entirety was unconscionable. Validity of a contract as a whole is to be determined by the arbitrators, and federal courts are limited to reviewing the arbitration clause itself. *See Buckeye Check Cashing, Inc. v. Cardegna*, __ U.S. __, 126 S.Ct. 1204, 1209 (2006); *see also Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 430 (5th Cir. 2004).

4

**DISCUSSION**

We review *de novo* a district court's denial of a motion to compel arbitration. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 428 (5th Cir. 2004).

As an initial matter, the parties disagree on whether, in deciding the unconscionability issue, Mississippi or Georgia law applies. The district court decided that Mississippi and Georgia law are "essentially the same" and used both in its analysis. To the extent that the court relied on Mississippi law in addressing the unconscionability issue, it erred.

As we discussed above, the only issue properly before us is the validity of the arbitration clause itself, not the validity of the contract in its entirety. *See Buckeye Check Cashing, Inc. v. Cardegna*, __ U.S. __, 126 S. Ct. 1204, 1209 (2006); *see also Banc One Acceptance Corp.*, 367 F.3d at 430 (5th Cir. 2004). As a result, at least for the purposes of our analysis, the validity of the Georgia choice of law provision applicable to the parties' contract has not been called into question. Therefore, we see no reason to disregard the parties'

5

agreement to apply Georgia law to their contract. We turn now to the question of whether the arbitration clause itself was unconscionable under Georgia law.

The district court held that the arbitration clause was unconscionable because arbitration pursuant to that clause would cost Appellee between $27,500 and $29,000.[2] The court reasoned that the cost made the clause unconscionable because Appellee is now extremely poor. As evidence of Appellee's current financial status, the court considered the following facts in the record: Appellee and her husband (1) receive less than $1,000 per month in social security benefits, (2) own no land, (3) have no cash savings, (4) receive food stamps, and (5)

---

[2]The court also stated that the cost was especially troubling considering that the contract waived both parties' right to recover exemplary, punitive, and consequential damages. Appellee on appeal continues to argue that the waiver rendered the arbitration clause unconscionable. However, under Georgia law, parties are free to contractually limit their available remedies, and such limitations are valid and binding. *See, e.g.*, *Imaging Sys. Int'l, Inc. v. Magnetic Resonance Plus, Inc.*, 490 S.E.2d 124, 127 (Ga. App. 1997); *Mark Singleton Buick, Inc. v. Taylor*, 391 S.E.2d 435, 437 (Ga. App. 1990). Even if the issue were undecided under Georgia law, because we resolve all doubts in favor of arbitration, *Inv. Partners, L.P. v. Glamour Shots Licensing, Inc.*, 298 F.3d 314, 316 (5th Cir. 2002), we would be forced to conclude that the waiver did not render the arbitration clause unconscionable under Georgia law. Thus, the district court erred in its unconscionability analysis by attributing significance to the arbitration clause's waiver of certain damages.

rely on Medicaid to pay for their required medical prescriptions.

The district court erred by relying entirely on facts relating to Appellee's *current* financial status. It is well-established under Georgia law that unconscionability is analyzed by looking to "the *circumstances existing at the time the contract was made, rather than those existing . . . later.*" *Results Oriented, Inc. v. Crawford*, 538 S.E.2d 73, 79 (Ga. App. 2000), *aff'd*, 548 S.E.2d 342 (Ga. 2001); *William J. Cooney, P.C. v. Rowland*, 524 S.E.2d 730, 733 (Ga. App. 1999) (emphasis added).

Unfortunately for Appellee, the record is devoid of facts pertaining to her financial situation when the contract was executed in February 2001. For example, Appellee's food stamp receipt is dated July 12, 2005; her and her husband's social security claim forms are from 2005; and the medication list indicates what medication her husband was required to take in 2005. None of these documents shed light on Appellee's financial situation in February 2001.

Appellee also relies heavily on the fact that she now owns no real property and has no cash savings. But the record does not show, nor does Appellee even state, that she had no cash savings when the contract was executed. Furthermore, the record shows that even though she now owns no real property, at the time she signed the contract she did in fact own her farm (which she later sold).

We have made clear in the past that the party resisting arbitration shoulders the burden of proving that the dispute is not arbitrable. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 539 (5th Cir. 2003). Appellee signed a contract containing an arbitration clause; and she is now resisting arbitration. However, Appellee has not carried her burden of showing that the dispute is not arbitrable, because she failed completely to address the circumstances existing at the time the contract was made.

Additionally, Georgia courts have viewed with great skepticism claims of unconscionability based on arbitration costs and economic disadvantage. The Georgia

8

Supreme Court has affirmed that "undisclosed arbitration fees [cannot] be the basis for unconscionability," *Crawford*, 548 S.E.2d at 343; and a Georgia appellate court has stated that "economic disadvantage of one attacking arbitration will not amount to unconscionability." *Results Oriented, Inc.*, 538 S.E.2d at 81. Therefore, for this additional reason, the district court erred in finding the arbitration clause unconscionable.

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's order denying Appellants' motion for stay and to compel arbitration. And we REMAND the case with instructions that the district court stay the proceedings and order the parties to arbitrate their dispute. **REVERSED and REMANDED with instructions.**