[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14316
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:09-md-02036-JLK,
1:09-cv-23632-JLK

In Re: CHECKING ACCOUNT OVERDRAFT LITIGATION

 MDL NO. 2036

_____

JEFFREY BUFFINGTON,
JEANETTE BUFFINGTON,
on behalf of themselves and
all other similarly situated,

                                                       Plaintiffs - Appellees,

                              versus

SUNTRUST BANKS, INC.,

                                                       Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 1, 2012)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

SunTrust Banks, Inc. appeals the denial of its renewed motion to compel

Jeffrey and Jeanette Buffington to arbitrate their complaint against SunTrust. 9 U.S.C. § 16(a)(1)(C). The Buffingtons sued SunTrust in a Georgia court for allegedly violating state law by collecting overdraft fees under its deposit agreement, and SunTrust removed the action to district court and moved to compel arbitration based on an arbitration clause in the agreement. The district court denied the motion to compel on the ground that the arbitration clause was substantively unconscionable because it contained a class action waiver, but we vacated that ruling and remanded for further consideration in the light of AT&T Mobility LLC v. Concepcion, 563 U.S. ___,131 S. Ct. 1740 (2011). On remand, SunTrust renewed its motion to compel, which the district court denied on the ground that the arbitration clause was substantively unconscionable under Georgia law because provisions granting SunTrust the right to recover its expenses for arbitration allocated disproportionately to the Buffingtons the risks of error and loss inherent in dispute resolution. Because the reimbursement provisions are conscionable under Georgia law, we reverse the order denying the renewed motion to compel of SunTrust and remand with instructions to compel arbitration.

## I. BACKGROUND

The Buffingtons filed a complaint in a Georgia court "on behalf of themselves and all persons similarly situated" against SunTrust. The Buffingtons

2

complained that SunTrust breached its contract, converted funds, acted unconscionably, and was unjustly enriched by assessing overdraft fees improperly on the Buffingtons' joint checking account. The Buffingtons alleged that SunTrust processed transactions deceptively to maximize overdraft fees and assessed overdraft fees when accounts contained sufficient funds to pay charges.

SunTrust removed the complaint to federal court and moved to compel the Buffingtons to arbitrate their complaint individually. SunTrust argued that the Buffingtons had agreed on page 22 of the Rules and Regulations for Deposit Accounts to submit "any unresolvable dispute, controversy or claim . . . other than any Excluded Claim or Proceeding, . . . concerning, arising out of or relating to the Account or these rules and regulations, including any claims regarding the applicability, interpretation, scope or validity of this arbitration clause and/or these rules and regulations, . . . [to] individual (not class or classwide) binding arbitration . . . ." SunTrust requested that the district court stay the Buffingtons' action pending resolution of the arbitration proceeding.

The Buffingtons opposed the motion to compel and argued that the arbitration clause was unconscionable. The Buffingtons argued, relevant to this appeal, that the arbitration clause was procedurally unconscionable because it was "not presented in a conspicuous manner and fail[ed] to present customers with a

3

meaningful choice" because they were "offered [arbitration] on a take-it-or-leave-it basis." The Buffingtons also argued that the clause was substantively unconscionable because their "limited potential recovery" was eclipsed by the costs of arbitration, including the potential obligation to reimburse SunTrust for its expenses as a prevailing party. The Buffingtons based their substantive unconscionability argument on a provision in the arbitration clause stating that "[t]he prevailing party shall be entitled to an award of the costs and expenses of the arbitration including an award of reasonable attorneys' fees for any Claim(s) in which the party has prevailed, except as otherwise required by applicable law."

SunTrust replied that the arbitration clause was conscionable. SunTrust argued that the clause was procedurally conscionable as "prominent and conspicuous." SunTrust also argued that the clause was substantively conscionable because its reimbursement provision "guarantee[d] an award of attorneys' fees and expenses to the prevailing party" and the Buffingtons' potential recovery exceeded the $4,000 that they had accumulated in overdraft fees.

After we remanded for the district court to reconsider the motion to compel in the light of Concepcion, SunTrust renewed its motion to compel arbitration and the Buffingtons opposed the renewed motion. The Buffingtons repeated their

argument that arbitration was cost-prohibitive and also argued that the arbitration clause was substantively unconscionable because it contained "fee-shifting provisions" that "effectively preclude[d] SunTrust customers from bringing a claim for [the] improper imposition of overdraft fees." The Buffingtons cited two provisions in support of their unconscionability argument: (1) the right of a prevailing party to have its costs reimbursed; and (2) the right of a party demanding arbitration to recover "reasonable costs and expenses, including attorneys' fees" if the other party "wrongfully fails to comply with" that demand.

The district court denied the renewed motion to compel. The district court ruled that the arbitration clause was substantively unconscionable because two provisions in the clause "place[d] nearly all the risks of engaging in dispute resolution" unfairly on the Buffingtons. The district court based its decision on the reimbursement provision cited by the Buffingtons and a second provision that permitted SunTrust, "[i]f [a depositor] owe[d] [it] money . . . [that] becomes due, . . . [to exercise its] right under the law (called right of offset or setoff) . . . to use the money from [the depositor's] Account to pay the debt."

## II. STANDARD OF REVIEW

We review de novo the denial of a motion to compel arbitration. Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868, 873 (11th Cir. 2005).

5

## III. DISCUSSION

SunTrust contends that the district court should have compelled the Buffingtons to arbitrate their complaint. SunTrust argues that the district court erroneously based its finding of substantive unconscionability on a provision not mentioned by either party and, alternatively, that the clause is severable. Because we agree with SunTrust that the arbitration clause is conscionable, we need not address whether the clause is severable.

The district court erred in its resolution of the issue of substantive conscionability. The arbitration agreement permitted SunTrust to receive "an award of the costs and expenses of the arbitration including an award of reasonable attorneys' fees for any Claim(s) in which [it] . . . prevailed" and to collect that amount when it "bec[ame] due . . . [under what is] (called right of offset or setoff)." The district court concluded that these provisions were unconscionable, but under Georgia law "[a] contract allowing a bank a set-off of its indebtedness to a depositor against the depositor's indebtedness to it is not unconscionable." Greene v. Citizens & S. Bank of Cobb Cnty., 213 S.E.2d 175, 178 (Ga. App. 1975); see also Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1259–60 (11th Cir. 2003). The district court also found unconscionable the right of SunTrust to seize funds that are jointly owned, but "if

6

a party to a multiple-party account is indebted to a financial institution, the financial institution has a right to setoff against the account in which the party has . . . a present right of withdrawal," Ga. Code Ann. § 7-1-821. The arbitration agreement is not substantively unconscionable.

The district court also ruled that the arbitration clause was procedurally unconscionable, but to be procedurally unconscionable, under Georgia law, a contract must be "so one-sided" that "'no sane man not acting under a delusion would make and that no honest man would'" participate in the transaction. NEC Techs., Inc. v. Nelson, 478 S.E.2d 769, 771 & n.2 (Ga. 1996) (quoting R.L. Kimsey Cotton Co. v. Ferguson, 214 S.E.2d 360, 363 (Ga. 1975)). The arbitration clause in the Buffingtons' agreement falls well short of this standard. Although the district court found troubling that the clause was presented to the Buffingtons "on a take-it-or-leave-it basis with no opt-out provision," under Georgia law, an adhesion contract is not per se unconscionable. See Crawford v. Results Oriented, Inc., 548 S.E.2d 342, 343 (Ga. 2001) (citing Munoz v. Green Tree Fin. Corp., 542 S.E.2d 360, 365 (S.C. 2001)); see also Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1377 (11th Cir. 2005) (despite the existence of a "bargaining disparity" common to an employment relationship, it did not render the arbitration agreement entered unconscionable under Georgia law). As the Supreme Court has

7

recognized, "[m]ere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable . . . ." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33, 111 S. Ct. 1647, 1655 (1991).

The district court also criticized the arbitration clause as "not conspicuous" because it is "buried on the twenty-second page of a forty page, single-spaced, fine print document," but the district court overlooks other aspects of the document that make apparent the agreement to arbitrate. The arbitration clause is "capitalized in the . . . table of contents," and an introductory paragraph to the clause urges account holders to **READ THIS PROVISION CAREFULLY AS IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW LEGAL CLAIMS YOU AND WE HAVE AGAINST EACH OTHER** and explains in bold typeset what kinds of disputes are subject to arbitration. The Supreme Court invalidated in Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 116 S. Ct. 1652 (1996), a requirement under state law that operated to "singl[e] out arbitration provisions for suspect status" on the ground that the Federal Arbitration Act requires that "such provisions be placed 'upon the same footing as other contracts.'" Id. at 687, 116 S. Ct. at 1656 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 511, 94 S. Ct. 2449, 2453 (1974)). Neither the district court, nor the Buffingtons on appeal, cite any case law requiring that notice of or the provisions relating to arbitration be

"conspicious" and, even if this were the standard, the language in the Buffingtons' agreement regarding arbitration is conspicious. The arbitration agreement is not procedurally unconscionable.

The Federal Arbitration Act provides that an arbitration agreement "shall be . . . enforceable, save upon such grounds as exist at law or in equity for [its] revocation." 9 U.S.C. § 2. The arbitration clause in the Buffingtons' agreement is neither procedurally nor substantively unconscionable. Because SunTrust is entitled to "an order directing that such arbitration proceed in the manner provided for in [its deposit] agreement," id. § 4, we need not address the alternative argument of SunTrust about severability.

## IV. CONCLUSION

We **REVERSE** the order that denied the renewed motion of SunTrust to compel the Buffingtons to arbitration. We **REMAND** with instructions to compel arbitration.

**REVERSED AND REMANDED WITH INSTRUCTIONS**.