[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2012
JOHN LEY
CLERK

_____

No. 11-14317
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-md-02036-JLK,
1:10-cv-20476-JLK

In Re: CHECKING ACCOUNT OVERDRAFT LITIGATION

MDL NO. 2036

_____

LAWRENCE D. HOUGH,
PAMELA J. HOUGH,
on behalf of themselves and
all others similarly situated,

                                                        Plaintiffs - Appellees,

versus

REGIONS FINANCIAL CORPORATION,
REGIONS BANK,

                                                        Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2012)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Regions Financial Corporation and Regions Bank (collectively "Regions") appeal the denial of their renewed motion to compel Lawrence and Pamela Hough to arbitrate their complaint against Regions. 9 U.S.C. § 16(a)(1)(C). The Houghs sued Regions for allegedly violating federal and state law by collecting overdraft charges under its deposit agreement, and Regions moved to compel arbitration based on an arbitration clause in that agreement. The district court denied the motion to compel on the ground that the arbitration clause was substantively unconscionable because it contained a class action waiver, but we vacated that ruling and remanded for further consideration in the light of AT&T Mobility LLC v. Concepcion, 563 U.S. ___,131 S. Ct. 1740 (2011). On remand, Regions renewed its motion to compel, which the district court denied on the ground that the arbitration clause was substantively unconscionable under Georgia law because a provision granting Regions the unilateral right to recover its expenses for arbitration allocated disproportionately to the Houghs the risks of error and loss inherent in dispute resolution. Because the reimbursement provision is conscionable under Georgia law, we reverse the order denying the renewed motion to compel of Regions and remand with instructions to compel arbitration.

2

# I. BACKGROUND

Approximately ten years after the Houghs became customers of Regions Bank, the Houghs filed a complaint "on behalf of themselves and all persons similarly situated" against Regions. The Houghs complained that they were assessed overdraft charges unfairly on their checking account. The complaint alleged five acts of wrongdoing by Regions: (1) Regions breached its duty of good faith and fair dealing with its customers; (2) Regions converted funds by levying overdraft charges unfairly; (3) Regions processed transactions and fees deceptively to maximize overdraft charges; (4) Regions loaned money at a usurious rate to process transactions when the account contained insufficient funds; and (5) Regions was unjustly enriched.

Regions moved to compel the Houghs to arbitrate their complaint individually. Regions argued that the Houghs had agreed in paragraph 34 of its deposit agreement that, "except as expressly provided[,] . . . either party [could] elect to resolve by BINDING ARBITRATION any controversy, claim, . . . dispute or disagreement" and that "no Claim [could] be joined with another dispute or lawsuit . . . or resolved on behalf of a class of similarly situated persons . . . ." Regions requested that the district court, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, . . .

3

direct[] the parties to proceed to arbitrate in accordance with the terms of the agreement."

The Houghs responded that the arbitration provisions in the deposit agreement were unconscionable. The Houghs argued, relevant to this appeal, that the arbitration provisions were substantively unconscionable because the expenses imposed in paragraphs 34 and 36 of the deposit agreement created a financial disincentive to arbitrate. Although paragraph 34 capped the Houghs' costs for the arbitration proceeding at $125, paragraph 36 required the Houghs to reimburse Regions as a prevailing party for its costs of arbitration. Paragraph 36 provided that "[Depositors] agree to reimburse [Regions] for [its] costs and expenses (including reasonable attorney's fees) in connection with . . . (iii) any action or arbitration regarding this Agreement, [the depositor's] account or services linked to the account where [Regions] [is] the prevailing party." Paragraph 36 also provided that "[Regions] may charge any account of [a depositor] for such costs and expenses without further notice."

In reply, Regions argued that the district court "should deny the conscionability challenge and . . . enforce the parties' arbitration agreement." Regions argued that the reimbursement provision was commercially reasonable and conscionable. Regions also argued that it never had exercised its right to

reimbursement and that the provision "could not render the arbitration agreement unconscionable" because the provision "is expressly severable." Additionally, Regions argued that the Houghs could, as permitted in paragraph 34, "pursue their individual claims in small claims court" and, if they prevailed on their claims of conversion and usury, could recover attorney's fees. Regions stated in footnote 16 of the reply that "[i]f [it were to] prevail on [the] motion [to compel], it [would] not file an arbitration action" and the Houghs could then "decide . . . [to] initiate an individual action in small claims court or in arbitration."

After we remanded for the district court to reconsider the motion to compel in the light of Concepcion, Regions renewed its motion to compel arbitration. Regions argued, based on the decision of the Supreme Court in Rent-A-Center, W., Inc. v. Jackson, 561 U.S. ___, 130 S. Ct. 2772 (2010), that the district court should "compel arbitration of all issues" because "the arbitration agreement delegates threshold arbitrability issues to the arbitrator." And Regions quoted in its renewed motion a sentence in paragraph 34 of the deposit agreement providing that the parties would submit all disputes to an arbitrator: "Any dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the scope or validity of this agreement to arbitrate disputes or of this entire Agreement, shall be decided by the

5

arbitrator(s)." Regions also argued, based on our decision in Cappuccitti v. DirecTV, Inc., 623 F.3d 1118 (11th Cir. 2010), that the Houghs "created unconscionability by . . . refusing to plead a cause of action [under the Georgia Fair Business Practices Act] that would [have] confer[red] automatic attorney's fees."

The Houghs opposed the renewed motion of Regions. The Houghs argued that the district court should decide the issue of conscionability because, in contrast with the arbitration agreement in Rent-A-Center, the arbitration clause in the Houghs' deposit agreement failed to "clearly place[] [the Houghs] on notice that an arbitrator would decide questions of arbitrability." The Houghs contended that the delegation of all disputes to the arbitrator was substantively unconscionable, and the Houghs argued that the arbitration provisions in the deposit agreement were procedurally and substantively unreasonable.

The district court denied the renewed motion to compel. As to the initial question of who should decide conscionability, the district court concluded that Regions "waived its right to arbitrate the threshold issue of unconscionability" by "ask[ing] [the district] Court to determine [that] question in [its] original motion to compel arbitration, filed well over a year ago." The district court ruled that the arbitration clause was substantively unconscionable under Georgia law because

6

the provision granting Regions the right of reimbursement allocated "nearly all the risks of engaging in dispute resolution" unfairly on the Houghs. The district court rejected the argument of Regions that the reimbursement provision in paragraph 36 was severable from the arbitration clause in paragraph 34. The district court ruled that Regions "waived the right to invoke [the severance] provision" by failing to mention it "in either its Motion [to compel] or the Reply filed in support of its original Motion."

## II. STANDARD OF REVIEW

We review de novo the denial of a motion to compel arbitration. Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868, 873 (11th Cir. 2005).

## III. DISCUSSION

Regions contends that it was entitled to compel the Houghs to arbitrate their complaint and that the district court ignored precedent requiring it to enforce the agreement to arbitrate. Regions argues that the district court should have submitted the issue of conscionability to the arbitrator, the arbitration clause was conscionable and, even if unconscionable, the clause was severable. Although we conclude that Regions waived the right to have the arbitrator resolve the issue of conscionability, because we agree with Regions that the reimbursement provision was conscionable, we need not address whether the clause was severable.

7

Regions waived its right to arbitrate the conscionability of its arbitration clause. The clause contained "sweeping language concerning the scope of the questions committed to arbitration," Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 453, 123 S. Ct. 2402, 2407 (2003), and "clearly and unmistakably provide[d]," Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83, 123 S. Ct. 588, 591 (2002), that an arbitrator should resolve "any claim of unconscionability," but Regions did not invoke that delegation provision in response to the Houghs' arguments that the clause was unconscionable. Regions instead asked the district court to "deny the conscionability challenge." The actions of Regions are virtually indistinguishable from the actions of Princess Cruise Lines in Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1213 (11th Cir. 2011), where we held that Princess was barred from arguing that the district court should have submitted the issue of arbitrability to an arbitrator because Princess "asked the district court to decide for itself whether the dispute was subject to arbitration." Regions, "as a party to the contract it signed, is presumed to know that it had . . . [the right] to arbitrate" the issue of conscionability, Holt & Holt, Inc. v. Choate Constr. Co., 609 S.E.2d 103, 105 (Ga. App. 2004), and "waive[d] [that aspect of the] agreement to arbitrate by taking actions that [were] inconsistent with [that] right of arbitration," M. Homes, LLC v. S. Structural, Inc., 636 S.E.2d

8

99, 101 (Ga. App. 2006) (internal quotation marks omitted).

The district court erred in its resolution of the issue of substantive conscionability. The arbitration agreement permitted Regions, if it was "the prevailing party," to obtain "reimburse[ment] for [its] costs and expenses (including reasonable attorney's fees) . . . [in] arbitration" and to collect that amount by "charg[ing] [the Houghs'] account." The district court concluded that the reimbursement provision was unconscionable because Regions had an exclusive right of setoff, but under Georgia law "an arbitration provision is not unconscionable because it lacks mutuality of remedy." Crawford v. Great Am. Cash Advance, Inc., 644 S.E.2d 522, 525 (Ga. App. 2007); see also Greene v. Citizens & S. Bank of Cobb Cnty., 213 S.E.2d 175, 178 (Ga. App. 1975) ("A contract allowing a bank a set-off of its indebtedness to a depositor against the depositor's indebtedness to it is not unconscionable."). The arbitration agreement is not substantively unconscionable.

The district court also ruled that the arbitration clause had "a degree of procedural unconscionability," but to be unconscionable under Georgia law, a contract must be "so one-sided" that "'no sane man not acting under a delusion would make and that no honest man would'" participate in the transaction. NEC Techs., Inc. v. Nelson, 478 S.E.2d 769, 771 & n.2 (Ga. 1996) (quoting R.L.

9

Kimsey Cotton Co. v. Ferguson, 214 S.E.2d 360, 363 (Ga. 1975)). The arbitration clause in the Houghs' agreement falls well short of this standard. Although the district court found troubling that the clause was presented to the Houghs "on a take-it-or-leave-it basis with no opt-out provision," under Georgia law, an adhesion contract is not per se unconscionable. See Crawford v. Results Oriented, Inc., 548 S.E.2d 342, 343 (Ga. 2001) (citing Munoz v. Green Tree Fin. Corp., 542 S.E.2d 360, 365 (S.C. 2001)); see also Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1377 (11th Cir. 2005) (despite the existence of a "bargaining disparity" common to an employment relationship, it did not render the arbitration agreement entered unconscionable under Georgia law). As the Supreme Court has recognized, "[m]ere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable . . . ." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33, 111 S. Ct. 1647, 1655 (1991). The district court also criticized the clause as "not conspicuous" because it was "buried on the twenty-first page of a forty-three page, single-spaced document . . . . in a maze of fine print," but the district court overlooked other aspects of the document that made apparent the agreement to arbitrate. The first two pages of the deposit agreement thrice reference that it contains "**BINDING ARBITRATION** provisions," and the second page of the agreement contains a

10

separate paragraph typed in all caps, bold, and underlined stating that "**THIS AGREEMENT CONTAINS PROVISIONS FOR BINDING ARBITRATION**" and that "**ACCEPTANCE OF [THE] AGREEMENT INCLUDES YOUR ACCEPTANCE OF AND AGREEMENT TO SUCH PROVISIONS**."  And reference to the arbitration clause is not difficult: the table of contents states that the paragraph regarding "Arbitration and Waiver of Jury Trial" is located on pages 21 through 23, and that paragraph explains in bold typeset what kinds of disputes are subject to arbitration.  The Supreme Court invalidated in Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 116 S. Ct. 1652 (1996), a requirement under state law that operated to "singl[e] out arbitration provisions for suspect status" on the ground that the Federal Arbitration Act requires that "such provisions be placed 'upon the same footing as other contracts.'" Id. at 687, 116 S. Ct. at 1656 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 511, 94 S. Ct. 2449, 2453 (1974)).  The Houghs fail to cite any case law that requires provisions relating to arbitration be "conspicious," and even if this were the standard, the language regarding arbitration in the Houghs' agreement is conspicious.  The arbitration agreement is not procedurally unconscionable.

The Federal Arbitration Act provides that an arbitration agreement "shall be

11

. . . enforceable, save upon such grounds as exist at law or in equity for [its] revocation." 9 U.S.C. § 2. The arbitration clause in the Houghs' agreement is neither procedurally nor substantively unconscionable. Because Regions is entitled to "an order directing that such arbitration proceed in the manner provided for in [its deposit] agreement," id. § 4, we need not address the alternative argument of Regions about severability.

## IV. CONCLUSION

We **REVERSE** the order that denied the renewed motion of Regions to compel the Houghs to arbitration. We **REMAND** with instructions to compel arbitration.

**REVERSED AND REMANDED WITH INSTRUCTIONS**.