DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**BARI BUILDERS, INC., a Florida corporation,**
Appellant,

v.

**HOVSTONE PROPERTIES FLORIDA, LLC, HOVESITE MONTEVERDE 1&2, LLC,** and **TOWN & COUNTRY BUILDERS, INC.,**
Appellees.

No. 4D14-765

[August 6, 2014]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 502011CA019089XX.

Kenneth L. Minerley and Andrew K. Fein of Minerley Fein, P.A., Boca Raton, for appellant.

Steven H. Osber of Kelley, Kronenberg, P.A., Fort Lauderdale, for appellees.

DAMOORGIAN, C.J.

Appellant, Bari Builders, Inc., appeals the trial court's denial of its motion to compel arbitration pursuant to a subcontract between it and Appellee, Hovstone Properties Florida, LLC. Because the subcontract contains an unambiguous arbitration provision, we reverse.

This dispute stems from a construction defect lawsuit brought by a condominium association against Appellees, the condominium's developers. In turn, Appellees brought a third-party complaint against their subcontractors, including Appellant. Appellant moved to compel arbitration based on the following provision in the subcontract:

> The parties hereto agree to binding Arbitration of any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its

Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The Arbitration panel will adhere to the requirements and terms contained in this Agreement.

Appellees opposed arbitration, pointing out that the subcontract also stated: "IN ALL ACTIONS THE PARTIES WAIVE THE RIGHT TO JURY AND AGREE TO DETERMINATION OF ALL FACTS BY THE COURT." Appellees maintained that, based on this language (the "jury waiver language"), disputes under the subcontract must be resolved via bench trial. Thus, the jury waiver language rendered the scope of the arbitration provision ambiguous, making it unenforceable. The trial court agreed and denied Appellant's request to compel arbitration. This appeal now follows.

"[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). This appeal only concerns the first element—whether a valid written agreement to arbitrate exists. As this determination rests on the construction of the arbitration provision, we review it under the *de novo* standard of review. *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 874 (Fla. 4th DCA 2007).

Arbitration clauses are construed according to basic contract interpretation principles. *Seifert,* 750 So. 2d at 636. The plain language of the agreement containing the arbitration clause is the best evidence of the parties' intent. *Royal Oak Landing Homeowner's Ass'n v. Pelletier,* 620 So. 2d 786, 788 (Fla. 4th DCA 1993). The arbitration clause must be read together with the other provisions in the contract. *See J.C. Penney Co. v. Koff,* 345 So. 2d 732, 735 (Fla. 4th DCA 1977) (stating that a court must review the contract "without fragmenting any segment or portion"). "Arbitration is a preferred method of dispute resolution, so any doubt regarding the scope of an arbitration clause should be resolved in favor of arbitration." *BallenIsles Country Club, Inc. v. Dexter Realty*, 24 So. 3d 649, 652 (Fla. 4th DCA 2009).

Applying these rules of construction, we hold that the jury waiver language in the subcontract does not render the arbitration provision ambiguous, as the two provisions can be reconciled in favor of arbitration. Read together, the provisions provide that the parties agree to submit any "controversy or claim" to arbitration and, thereafter, any award may be reduced to judgment in court without the right to a jury trial. Additionally, in the event that the parties choose to waive their right to arbitrate, the

clause provides that any "action" in court will be in the form of a bench trial.

We find support for this interpretation in case law from other jurisdictions. For example, in *Saturna v. Bickely Construction Co.*, the Georgia Court of Appeals held that a provision in a construction contract allowing the builder to "institute judicial proceedings" in certain circumstances did not invalidate an otherwise unambiguous arbitration clause pertaining to "[a]ll claims or disputes arising out of [the] agreement." 555 S.E.2d 825, 826 (Ga. Ct. App. 2001). The court reasoned that the provisions could be read together to mean that the parties agreed to submit disputes arising out of the contract to arbitration, but that the builder could institute judicial proceedings if certain conditions were met. *Id.* at 826–27.

Similarly, the United States District Court for the Southern District of Florida ruled that a contract containing a clear arbitration clause as well as an additional clause governing "legal proceedings" could be reconciled in favor of arbitration. *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1318–20 (S.D. Fla. 2004). The court explained:

> Read together, [the clauses] provide the parties with the election of remedies. The parties agree to arbitrate any dispute arising under the Policy prior to the institution of "legal proceedings." . . . However, in the event the parties are in agreement to waive their right to arbitrate, then any legal proceedings must be instituted [as specified].

*Id.* at 1318–19.

We are not persuaded by the one case on which Appellees rely in support of their position, *Basulto v. Hialeah Automotive*, 39 Fla. L. Weekly S140 (Fla. Mar. 20, 2014). In *Basulto*, the Florida Supreme Court affirmed the trial court's <u>factual</u> finding that the parties to a vehicle sales agreement did not have a meeting of the minds regarding arbitration for several reasons, including that: the buyers did not speak English, some of the documents were blank when signed by the buyers and information was filled in later, the seller misinformed the buyers about the nature of arbitration, <u>and</u> there were three competing dispute resolution provisions in the agreement. *Id.* at S143. The competing dispute resolutions were but one factor in the court's determination, and its determination was based on the parties' lack of mutual understanding, not contractual interpretation. *Id.* Accordingly, *Basulto* is not instructive on the issue of

how to interpret an arbitration clause in light of a somewhat competing alternative dispute resolution clause.

In sum, we hold that under the laws of contract interpretation, specifically the law favoring the enforcement of an arbitration provision, the presence of an additional dispute resolution clause does not render an otherwise valid arbitration clause ambiguous if the two can be read in a complementary fashion. As the arbitration provision here is quite clear and can be read in a complementary fashion with the jury waiver language, the trial court erred in finding the arbitration provision invalid, and Appellees' claims under the subcontract are subject to arbitration. Accordingly, we reverse and remand for the entry of an order granting Appellant's motion to compel arbitration.

*Reversed and Remanded.*

FORST, J., and HANZMAN, MICHAEL, Associate Judge, concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

4