DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MUNICOMMERCE LLC,**
Appellant,

v.

**NAVIDOR, LTD. (Sic),**
Appellee.

No. 4D15-169

[ February 3, 2016 ]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 2014CA010501XXXXMB.

Robin Bresky of the Law Offices of Robin Bresky, Boca Raton, for appellant.

Stephen M. Cohen, Palm Beach Gardens, for appellee.

TAYLOR, J.

In this commercial contract case, MuniCommerce LLC appeals from a non-final order compelling mediation and arbitration. We agree that the trial court failed to apply the plain language of the Independent Sales Agent Agreement between MuniCommerce and Appellee, Navidor, Ltd., in compelling mediation and arbitration. Navidor waived its contractual right to mediation and/or arbitration when MuniCommerce terminated the Agreement upon an alleged violation under Section 10(e) of the Agreement.

MuniCommerce is a limited liability company in Boca Raton that offers merchant accounts and payment solutions for merchants. Navidor, Ltd was a non-exclusive, independent sales agent for MuniCommerce. Navidor solicited prospective merchants and performed other services on behalf of MuniCommerce pursuant to an Independent Sales Agent Agreement.

The Agreement between the parties included a provision for mediation and arbitration, except "in the case of termination by MuniCommerce, LLC under Section 10 of this agreement. Subsection 10(e) permitted MuniCommerce to terminate the agreement if it determined in good faith

that the sales agent's conduct under the agreement constituted unsound business practices.

Pursuant to Section 10(e) of the Agreement, MuniCommerce terminated the Agreement after determining that Navidor had engaged in unsound business practices. MuniCommerce subsequently filed a complaint against Navidor for breach of contract, equitable relief, injunction, unjust enrichment, tortious interference, and punitive damages. The complaint alleged that Navidor interfered with MuniCommerce's client relationships, misused proprietary and confidential information in an attempt to start a new business, stole and registered several of appellant's merchant accounts, depriving MuniCommerce of commissions and fees, and received commissions without deducting minimum fees.

Navidor moved to compel mediation and arbitration. It argued that the waiver provision in Section 17 of the Agreement is unenforceable and unconscionable because it allows MuniCommerce the unilateral ability to terminate the contract and avoid mediation and arbitration. Navidor pointed out in a memorandum of law that before MuniCommerce's notice of termination on August 11, 2014, Navidor declared MuniCommerce was in breach of the agreement in a July 29, 2014 letter. The letter alleged a breach for nonpayment of equipment rental fees and improper charges for quota and ISO fees not authorized by the agreement. Navidor contended that the waiver provision did not apply because Navidor claimed a breach first. It argued that the waiver provision was unconscionable because it allowed MuniCommerce to opt out of mediation and arbitration after Navidor declared a breach, and without giving Navidor a chance to establish that termination of the contract was unfounded.

The trial court concluded that the waiver was not enforceable because it would allow MuniCommerce to avoid arbitration any time Navidor declared a breach, and the waiver did not apply if Navidor alleged a breach first.

Construction of an arbitration provision is reviewed *de novo*. *Bari Builders, Inc. v. Hovstone Props. Fla., LLC*, 155 So. 3d 1160, 1162 (Fla. 4th DCA 2014).

By its plain terms, the mediation and arbitration provision does not apply to MuniCommerce's termination for cause under subsection 10(e) of the contract. There was no agreement to mediate or arbitrate these grounds for termination.

Navidor's prior letter to MuniCommerce was not a termination of the

contract, and there was no evidence that MuniCommerce's grounds for termination were pretextual. There was no basis for the court to find that the waiver of arbitration and mediation did not apply if a sales agent alleged a breach by MuniCommerce before MuniCommerce terminated the contract. The court could not rewrite the contract.

For the waiver to be unconscionable, Navidor had to show at least a modicum of both procedural and substantive unconscionability. *See Basulto v. Hialeah Auto.,* 141 So. 3d 1145, 1159 (Fla. 2014) (quoting with approval *VoiceStream Wireless Corp. v. U.S. Commc'ns, Inc.,* 912 So. 2d 34, 39 (Fla. 4th DCA 2005)).

The waiver in the Independent Sales Agent Agreement does not allow MuniCommerce to terminate for any reason to unilaterally avoid mediation and arbitration. And the waiver is not so outrageously unfair that it is substantively unconscionable. *See Woebse v. Health Care & Ret. Corp. of Am.,* 977 So. 2d 630, 632 (Fla. 2d DCA 2008) (discussing substantive unconscionability).

We therefore reverse the order compelling mediation and arbitration.

*Reversed.*

CIKLIN, C.J., and GROSS, J. concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**