[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14244

_____

D.C. Docket Nos. 1:09-md-02036-JLK; 1:10-cv-21176-JLK

In Re: CHECKING ACCOUNT OVERDRAFT LITIGATION,

_____

DAVID JOHNSON,

Plaintiff - Appellant,

versus

KEYBANK NATIONAL ASSOCIATION,

Defendant - Appellee,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 18, 2014)

Before MARCUS and ANDERSON, Circuit Judges, and TREADWELL,[*] District Judge.

MARCUS, Circuit Judge:

Arbitration-friendly federal law recognizes "delegation clauses" that direct an <u>arbitrator</u> to decide the validity of an arbitration agreement. Still, litigants can waive their right to enforce these arbitration provisions. Because KeyBank waited too long to invoke a delegation clause, waiver now bars that path and the district court must decide any threshold questions of arbitrability.

After David Johnson, a bank customer, sued for overcharging in overdraft fees, KeyBank asked the district court to take up the threshold question of arbitrability and to compel arbitration of Johnson's claim in accordance with his deposit agreement. KeyBank said nothing about a delegation clause. The district court decided the gateway issue, but not in KeyBank's favor: it refused to enforce the arbitration agreement as unconscionable. Once a panel of this Court vacated and remanded that order for reconsideration in light of recent precedent, KeyBank pointed, for the first time, to a delegation clause and argued that the district court never should have conducted the threshold inquiry. The district court agreed and compelled arbitration of the gateway issue. The appellant, Johnson, now argues that KeyBank waived enforcement of the delegation clause. Alternatively,

---

[*] Honorable Marc T. Treadwell, United States District Judge for the Middle District of Georgia, sitting by designation.

Johnson maintains that the delegation clause does not bind him.

Circuit precedent compels the conclusion that KeyBank waived enforcement of the delegation clause.  See Barras v. Branch Banking & Trust Co., 685 F.3d 1269 (11th Cir. 2012); Hough v. Regions Fin. Corp., 672 F.3d 1224 (11th Cir. 2012) (per curiam).  Barras, Hough, and this appeal each emerged from the same multidistrict litigation (MDL) before the United States District Court for the Southern District of Florida: In re Checking Account Overdraft Litigation, MDL No. 2036.  In each case, the bank made no mention of a delegation clause in its initial motion to compel arbitration.  Only after the issuance of unfavorable unconscionability orders did each bank ask the same district court to leave the threshold question of arbitrability to the arbitrator.  KeyBank's attempt to distinguish the waivers recognized in Barras and Hough is unavailing.  We vacate the district court order compelling arbitration of the gateway issue and remand for further proceedings consistent with this opinion.

I.

David Johnson opened a deposit account with the Puget Sound Bank in Tukwila, Washington, in 1991.  KeyBank bought Puget Sound Bank in 1993. While these banks' 1991 and 1993 deposit agreements lacked arbitration provisions, they both included a change-of-terms clause that allowed the banks to "change these Rules at any time."  KeyBank claims that in 1995 it added an

3

arbitration provision to Johnson's agreement by appending a "statement message" to his December account statement that told customers about new "provisions regarding how disputes between you and the Bank will be resolved, including a right to require arbitration of certain disputes."

In 2001, when Johnson added his wife to his bank account, he was required to complete a signature card in which he acknowledged receipt of the deposit agreement and its arbitration provision. On December 14, 2001, KeyBank unilaterally added a delegation clause to its deposit agreement that allowed the parties to refer preliminary questions related to a dispute to an arbitrator. The amended agreement stated that "[a]ny Claim shall be resolved upon the election of you or us, by binding arbitration pursuant to this Arbitration Provision and the applicable [arbitration rules]." It defined a "Claim" as "any claim, dispute, or controversy between you and us arising from or relating to this Agreement or your Account(s), including, without limitation, the validity, enforceability, or scope of this Arbitration Provision or this Deposit Account Agreement." In other words, according to the delegation clause, either party could choose to have an arbitrator decide threshold questions of arbitrability like unconscionability.

KeyBank claims that customers like Johnson were notified of the 2001 addition of the delegation clause through a direct mailing. In addition, KeyBank alleges that Johnson received notice of the arbitration agreement and delegation

4

clause through mailings or statement messages in 2004 and 2009. Johnson maintains that he does not recall receiving notice of the arbitration agreement.

Johnson filed a putative class action on February 18, 2010, in the United States District Court for the Western District of Washington. Johnson alleged that KeyBank violated Washington law by changing the order of debit card transactions to increase the overdraft fees it charged on Johnson's account. In April 2010, the United States Judicial Panel on Multidistrict Litigation transferred the case for pretrial purposes to a multidistrict proceeding pending in the United States District Court for the Southern District of Florida.

On May 3, 2010, KeyBank moved to compel arbitration and stay all proceedings. KeyBank invoked the arbitration provision in Johnson's deposit agreement and cited the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4. Johnson opposed the motion, claiming the provision was unconscionable as a matter of Washington state law. In both its original motion and its reply in support, KeyBank asked the district court to decide the threshold question of unconscionability. On June 16, 2010, the district court refused to compel arbitration. The court found the arbitration provision was substantively unconscionable because, in light of a class action waiver, the potentially high costs of arbitration would discourage individual actions. KeyBank appealed.

Less than a week after the district court entered this order, the United States

5

Supreme Court issued its decision in <u>Rent-A-Center, West, Inc. v. Jackson</u>, 561 U.S. 63 (2010). The Court held that delegation clauses were enforceable: when a contract so provides, courts must allow an arbitrator to consider an unconscionability challenge to an arbitration agreement as a whole. <u>Id.</u> at 70-72. Because jurisdiction over this case already had passed to the Eleventh Circuit on appeal, KeyBank moved the district court for an indicative ruling under Federal Rule of Civil Procedure 62.1. KeyBank's motion asked the trial court to signal that it would reconsider its order in light of <u>Rent-A-Center</u> if given permission by this Circuit. The district court denied the Rule 62.1 motion.

On August 21, 2012, the Eleventh Circuit vacated the district court order refusing to compel arbitration and remanded "for further consideration in light of" three subsequently issued cases: <u>Rent-A-Center</u>, 561 U.S. 63; <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740 (2011); and <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011). <u>Johnson v. Key Bank Nat'l Ass'n</u>, No. 10-12957-DD (11th Cir. Aug. 21, 2012). On remand, after limited arbitration-related discovery, KeyBank filed a Renewed Motion to Compel Arbitration. Following a hearing, the district court on August 27, 2013, granted KeyBank's renewed motion and ordered arbitration on the threshold question of arbitrability because the deposit agreement contained an enforceable delegation clause. This timely appeal ensued.

6

II.

A.

We review de novo a district court order granting a motion to compel arbitration. Cruz, 648 F.3d at 1210.

KeyBank, citing to non-arbitration cases, argues that we should review the district court's underlying factual findings for clear error and that we should infer unstated factual findings consistent with the court's decision. This relaxed standard of review does not fit the summary-judgment-like nature of an order compelling arbitration, which is "in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate." Magnolia Capital Advisors, Inc. v. Bear Stearns & Co., 272 F. App'x 782, 785 (11th Cir. 2008) (unpublished) (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 646 F.2d 51, 54 n.9 (3d Cir. 1980)). In applying de novo review to an order compelling arbitration, we follow a long line of established precedent. See, e.g., Dale v. Comcast Corp., 498 F.3d 1216, 1219 (11th Cir. 2007); Bautista v. Star Cruises, 396 F.3d 1289, 1294 (11th Cir. 2005); Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1321 (11th Cir. 2001).

B.

"Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right." Morewitz v. W. of Eng. Ship Owners Mut. Prot.

7

& Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1365 (11th Cir. 1995).  "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).  But "the doctrine of waiver is not an empty shell."  Morewitz, 62 F.3d at 1366.  Waiver occurs when both: (1) the party seeking arbitration "substantially participates in litigation to a point inconsistent with an intent to arbitrate"; and (2) "this participation results in prejudice to the opposing party."  Id.  Prejudice exists when the party opposing arbitration "undergo[es] the types of litigation expenses that arbitration was designed to alleviate."  Id. (citing E.C. Ernst, Inc. v. Manhattan Constr. Co., 559 F.2d 268, 269 (5th Cir. 1977) (per curiam)[1]).

Two binding Eleventh Circuit decisions from the same Checking Account Overdraft Litigation MDL involved here held that similarly situated banks had waived similar delegation clause arguments.  See Barras, 685 F.3d 1269; Hough, 672 F.3d 1224.  In Barras, BB&T Bank moved to compel arbitration.  When the district court denied its motion on unconscionability grounds, BB&T appealed to this Court.  We remanded for further consideration in light of Concepcion.  On remand, BB&T renewed its motion to compel arbitration, but then, for the first time, it argued that a delegation clause specified that an arbitrator, not the court,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

8

should decide the threshold question of arbitrability.  The district court refused to compel arbitration, ruling that BB&T had "waived its right to arbitrate the threshold issue of unconscionability."  Barras, 685 F.3d at 1274.  On appeal, we affirmed the finding of waiver.  We distinguished Rent-A-Center, where the defendant had preserved the delegation clause issue because it "argued consistently that [the threshold] issue was assigned by agreement to the arbitrator."  Id.  "In contrast, BB&T litigated its case for over a year without moving the district court to submit the threshold issue of enforceability to the arbitrator; rather, it asked the district court to hold that the arbitration agreement was enforceable."  Id.  Because BB&T did not initially invoke the delegation clause, the plaintiff "had incurred the expense of opposing the original motion as well as on appeal to this Court."  Id.

Similarly, in Hough, Regions Bank moved to compel arbitration.  The district court denied the motion on unconscionability grounds, but the Eleventh Circuit vacated and remanded for reconsideration in light of Concepcion.  On remand, Regions for the first time pointed to a delegation clause, but the district court found Regions waived that argument by failing to raise it in its original motion to compel or in its reply in support of that motion.  Again, we affirmed.  "Regions did not invoke [the] delegation provision in response to the Houghs' arguments that the clause was unconscionable.  Regions instead asked the district court to 'deny the conscionability challenge.'"  Hough, 672 F.3d at 1228.

9

"Regions, as a party to the contract it signed, is presumed to know that it had the right to arbitrate the issue of conscionability, and waived that aspect of the agreement to arbitrate by taking actions that were inconsistent with that right of arbitration." Id. (citations omitted). Hough drew support for its waiver decision from Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204 (11th Cir. 2011), in which we rebuffed a defendant's belated attempt to enforce a delegation clause when at first "it asked the district court to decide for itself whether the dispute was subject to arbitration." Id. at 1213. "Only when the matter was illuminated by the light of an unfavorable decision from the district court did the cruise line suddenly see that the court ought not have answered the question after all." Id.

This case is materially indistinguishable from Barras and Hough, and the two-pronged Morewitz waiver analysis yields the same result here: KeyBank has waived enforcement of the delegation clause. First, KeyBank substantially participated in litigation in a way that was inconsistent with an intent to have an arbitrator determine the enforceability of the arbitration provision. When arguing its original May 3, 2010, motion to compel arbitration, KeyBank made no mention of the delegation clause. Instead, in its accompanying memorandum of law, KeyBank declared that "[t]his [District] Court must determine which state law to apply in analyzing whether KeyBank's Arbitration Provision is 'unconscionable' under state law." In its reply brief concerning the same motion, KeyBank stated,

10

"[a]s both parties in this case acknowledge, the first issue for this [District] Court to determine is whether there is an actual conflict between the laws of Washington and Ohio with respect to the specific terms of the class action waiver." Plainly, KeyBank asked the court to resolve the threshold question of arbitrability. The district court did so on June 16, 2010, when it entered an order denying KeyBank's motion to compel arbitration because the arbitration provision was unconscionable. Only after the district court refused to compel arbitration did KeyBank -- in its unsuccessful motion for a Rule 62.1 indicative ruling -- ask the district court to enforce the delegation clause and submit the threshold question to arbitration.

As for the second prong, Johnson suffered prejudice from KeyBank's failure to raise the delegation clause argument earlier. "Substantially invoking the litigation machinery qualifies as the kind of prejudice . . . that is the essence of waiver." E.C. Ernst, 559 F.2d at 269. "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'" Preston v. Ferrer, 552 U.S. 346, 357 (2008) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 633 (1985)).

Instead of pressing the delegation clause from the start, KeyBank took Johnson two trips around the pretrial-motion-and-appeal carousel: first to litigate the threshold question of arbitrability in the district court, and second to double-back and reconsider who should decide the threshold question. KeyBank invoked

11

the district court's litigation machinery to decide the gateway issue, forcing Johnson to spend resources opposing the original motion and contesting its appeal -- precisely the kind of litigation costs that the delegation provision intended to alleviate. See Morewitz, 62 F.3d at 1366. By slowing the process and magnifying its costs, KeyBank's delay undermined the purpose of the Federal Arbitration Act's "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp., 460 U.S. at 24.

Barras and Hough compel the conclusion that Johnson suffered prejudice sufficient to create waiver because KeyBank's delay forced him to bear the same types of costs and engage in the same types of procedures. See Barras, 685 F.3d at 1274; see also Morewitz, 62 F.3d at 1366 ("We conclude that [defendant] had ample opportunity to demand arbitration well in advance of the decision that significantly changed the legal position of the parties to the prejudice of [plaintiff]."). At the outset, KeyBank had every chance to ask the district court to refer the threshold question to an arbitrator. See Given v. M&T Bank Corp., 674 F.3d 1252, 1257 n.1 (11th Cir. 2012) (holding, in a case from the same MDL, that a bank did not waive a delegation clause argument "because the bank has raised it throughout the litigation"). KeyBank instead chose a different path that drove up Johnson's litigation expenses. Waiver requires that KeyBank live with its decision.

12

None of KeyBank's arguments against waiver are persuasive.  First, KeyBank argues that our round one remand impliedly excluded the possibility of waiver by allowing KeyBank to raise anew the delegation clause issue highlighted in Rent-A-Center.  KeyBank invokes the mandate rule, a subsidiary of the law-of-the-case doctrine, which "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."  United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis omitted) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)).  But KeyBank reads far too much into our earlier order.  By remanding to the district court for "further consideration in light of [Concepcion, Rent-A-Center, & Cruz]," the remand left open the possibility that KeyBank had waived a Rent-A-Center delegation clause argument.  Our action was akin to a Supreme Court "mass production, assembly-line remand order" that vacates a lower court decision and remands for further consideration in light of recent precedent.  United States v. Ardley, 273 F.3d 991, 994 (11th Cir. 2001) (Carnes, J., concurring in the denial of rehearing en banc).  "There is no implication in the standard language of those orders that the [lower court] is to do anything except reconsider the case now that there is a new . . . decision that may, or may not, affect the result."  Id.  As with our decisions in Barras and Hough, which found waiver after a remand for reconsideration in light of Concepcion, the previous appellate remand did not

13

decide whether KeyBank had preserved a delegation clause argument.  See id. (noting that reconsideration in light of recent precedent properly "included whether the appellant had procedurally defaulted [an] issue by not raising it in his briefs"). The remand gave the district court the first crack at sorting out the implications of recent Supreme Court and Eleventh Circuit developments without determining how these cases applied or whether arguments had been waived.

Second, KeyBank claims that the doctrine of waiver does not apply here because Rent-A-Center worked an intervening change in controlling law by enforcing clauses that delegated unconscionability determinations.  Barras and Hough implicitly rejected this very argument by finding waivers instead of ruling that Rent-A-Center caused an intervening change in the law.  See Barras, 685 F.3d at 1274-75; Hough, 672 F.3d at 1227-28.  Moreover, as early as 1986, the Supreme Court held that "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."  AT&T Techs., Inc., v. Commc'ns Workers, 475 U.S. 643, 649 (1986).  The Rent-A-Center opinion itself acknowledged that, in the past, the Court had "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability.'"  561 U.S. at 68-69.  We are bound by the conclusions of our cases that Rent-A-Center was not an intervening change that wiped away KeyBank's waiver.

14

Finally, KeyBank argues that, unlike the banks in <u>Barras</u> and <u>Hough</u>, it

invoked the delegation clause when it filed a Rule 62.1 motion for an indicative

ruling after the district court had refused to compel arbitration but before the

Eleventh Circuit decided the round-one appeal.  Federal Rule of Civil Procedure

62.1 lays out a district court's options when faced with a motion for relief it cannot

grant because of a pending appeal.  The district court may defer or deny the

motion, but it also may indicate that it would grant the motion on remand or that

the motion raises a substantial issue.[2]  <u>See</u> <u>Munoz v. United States</u>, 451 F. App'x

818, 819 (11th Cir. 2011) (unpublished) ("Rule 62.1 was adopted in 2009 . . . to

---

[2] In full, the Rule provides:

> Rule 62.1. Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal
>
> (a) Relief Pending Appeal.  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>> (1) defer considering the motion;
>>
>> (2) deny the motion; or
>>
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals.  The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand.  The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1.

codify the practice that most courts had been following."). If a district court issues an indicative ruling, remand remains at the discretion of the court of appeals. Fed. R. Civ. P. 62.1 advisory committee's note; see Fed. R. App. P. 12.1 ("If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."). KeyBank brought a Rule 62.1 motion because it had already divested the district court of jurisdiction by filing an interlocutory appeal in the Eleventh Circuit.

KeyBank acknowledges, as it must, that its Rule 62.1 motion came after the district court refused to compel arbitration, but it argues that the banks in Barras and Hough waited to mention the delegation clause until after their first motions to compel arbitration were briefed, argued, decided, appealed, and then remanded. KeyBank believes that because it did not wait quite so long to raise the issue -- speaking up after the original motion had been briefed, argued, decided, and appealed, but before it was briefed on appeal and remanded -- Johnson avoided prejudice because the "litigation machinery" had not been substantially invoked. Not so. KeyBank's unsuccessful motion for an indicative ruling notably came after Johnson had borne the costs of contesting the initial motion to compel arbitration and after KeyBank had engaged the apparatus of appeal. KeyBank's Rule 62.1 attempt to revive the delegation clause argument came too late to save

16

Johnson the expense of twice fighting the unconscionability battle in federal court. It cannot save KeyBank from waiver.

Quite simply, KeyBank waived its delegation clause argument when it waited to raise the issue until after it had asked the district court to decide arbitrability -- and lost.  See Barras, 685 F.3d at 1274-75; Hough, 672 F.3d at 1228.  Accordingly, we vacate the district court order compelling arbitration on the threshold question of arbitrability and remand for further proceedings.

**VACATED and REMANDED.**

17