**In re CHECKING ACCOUNT OVERDRAFT LITIGATION.**

**This Document Relates To: Second Tranche Action**

**Johnson**

**v.**

**KeyBank National Association.**

Case No. 1:09–MD–02036–JLK.
MDL No. 2036.
Nos. 2:10–cv–00304, 1:10–cv–21176–JLK.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 3, 2015.

*ORDER DENYING DEFENDANT KEY-BANK'S SECOND RENEWED MOTION TO COMPEL ARBITRATION*

JAMES LAWRENCE KING, District Judge.

**THIS CAUSE** comes before the Court upon Defendant KeyBank National Association's Second Renewed Motion to Compel Arbitration and Dismiss the Complaint (DE # 3934), filed on August 22, 2014. Therein, and for the third time, Defendant seeks an Order from this Court enforcing the arbitration provision contained within the contract between the parties, compelling this case to arbitration, and dismissing the case. This matter has been fully briefed,[1] and the Court heard oral argument on January 21, 2015. As set forth below, the Court finds that, though the analysis has been slightly altered, the Court's conclusion in its original June 16, 2010 Order Denying KeyBank's First Motion to Compel Arbitration (DE # 592) remains correct, that the subject arbitration provision remains unconscionable, and that KeyBank's Second Renewed Motion to Compel Arbitration should be denied.

---

1. Pursuant to this Court's Order Establishing Briefing Schedule on KeyBank's Motion to Compel Arbitration (DE # 3924), Plaintiff filed his Response in Opposition to KeyBank's Second Renewed Motion to Compel Arbitration and Stay or Dismiss Litigation (DE # 3981) on October 7, 2014, and Defendant filed its Reply Brief in Support of its Second Renewed Motion to Compel Arbitration (DE # 4006) on October 31, 2014. Additionally, the Court has reviewed Plaintiff's Notice of Subsequent Authority (DE # 4012) filed on November 20, 2014, and Defendant's Response to Plaintiff's Notice of Subsequent Authority (DE # 4013), filed on November 21, 2014.

## I. Background

This case, which is one of only a few remaining cases in this MDL, was originally filed in the Western District of Washington on February 18, 2010. On April 13, 2010 this case was transferred by the Judicial Panel on Multidistrict Litigation to the undersigned as part of this MDL for consolidated pretrial proceedings. Shortly after this case's transfer, defendant KeyBank filed its first Motion to Compel Arbitration (DE # 425) On May 3, 2010.

On June 16, 2010, 718 F.Supp.2d 1352 (S.D.Fla.2010), this Court denied Key-Bank's first Motion to Compel Arbitration (DE # 592), finding, as relevant here, that Washington law applied over Ohio law, and that the arbitration provision at issue was substantively unconscionable and therefore unenforceable. The Court's finding that Washington law applied rested, in part, on the presence of a class action waiver within the subject arbitration clause, Washington having expressed a fundamental public policy against such waivers. Similarly, the Court's finding that the arbitration provision was substantively unconscionable under Washington law was based, in part, on the same class action waiver provision.

Defendant filed its Notice of Interlocutory Appeal of the Court's denial of its Motion to Compel Arbitration on June 22, 2010 (DE # 611), and the Court granted Defendant's Motion to Stay Litigation Pending Appeal on July 9, 2010 (DE # 664).

While Defendant's appeal was pending, the United States Supreme Court decided the cases of *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010) (finding valid delegation clauses which delegate to the arbitra-

tor questions of arbitrability), and *AT & T Mobility, LLC v. Concepcion,* 563 U.S. 333, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) (holding that the Federal Arbitration Act preempts state laws that classify collective- or class-action waivers in consumer contracts as unconscionable). KeyBank moved for an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure (DE # 681) in light of the *Rent–A–Center* decision, which this Court denied on July 30, 2010 (DE # 739). Thereafter, on August 21, 2012, the Eleventh Circuit vacated this Court's original Order Denying Defendant's Motion to Compel Arbitration, and remanded the case for reconsideration in light of *Concepcion* and *Rent–A–Center,* and *Cruz v. Cingular Wireless, LLC,* 648 F.3d 1205 (11th Cir.2011)(DE # 2893).

On remand, and after the close of a period of limited arbitration-related discovery, Defendant filed its first Renewed Motion to Compel Arbitration (DE # 3511) on June 21, 2013. The Court granted this first Renewed Motion and compelled arbitration on August 28, 2013, finding that the delegation clause contained within the subject arbitration agreement delegated to the arbitrator threshold questions of arbitrability, that such clause was enforceable after *Rent–A–Center* (DE # 3626). This Court held that "the delegation issue is dispositive, and a finding that the delegation clause is enforceable obviates the need to reach the question of unconscionability or any other argument concerning the enforceability of the arbitration agreement," compelled arbitration, and dismissed the case without reaching the question of whether its previous finding of unconscionability survived *Concepcion.*

Plaintiff filed its Notice of Appeal of the Court's Order Granting Defendant's [first

renewed] Motion to Compel Arbitration on September 17, 2013 (DE # 3654).

In an Opinion issued on June 18, 2014, the Eleventh Circuit Court of Appeals vacated this Court's Order Granting Defendant's [first renewed] Motion to Compel Arbitration, finding that Defendant had waived enforcement of the delegation clause by not raising the issue in its first Motion to Compel Arbitration. *See In re Checking Account Overdraft Litigation,* 754 F.3d 1290 (11th Cir.2014). Accordingly, Defendant having waived its right to have an arbitrator decide the threshold question of arbitrability, the Eleventh Circuit remanded the case for this Court to decide that question (*i.e.,* whether the Court's previous finding of unconscionability survived *Concepcion*) which had been left unreached by this Court's August 28, 2013 Order.

The Eleventh Circuit issued its Mandate (DE # 3920) on July 18, 2014, and the Court entered its Briefing Schedule on Defendant's forthcoming renewed Motion to Compel Arbitration (DE # 3924) on July 25, 2014. The instant Second Renewed Motion to Compel Arbitration followed.

## II. Discussion

In its Second Renewed Motion to Compel Arbitration, Defendant argues that after *Concepcion* the basis for this Court's findings in its original Order (DE # 592) both that Washington law applies and that the subject arbitration agreement is substantively unconscionable is no longer valid. Specifically, Defendant argues that because the Court's choice of law analysis found that Washington law applied because to apply Ohio law would violate Washington's fundamental policy against

class-action waivers, and that fundamental public policy is no longer valid after *Concepcion,* application of Ohio law would no longer violate a fundamental Washington public policy. Briefly stated, Ohio law requires a finding of *both* substantive *and* procedural unconscionability to invalidate a contractual provision, while Washington law requires only a finding of substantive *or* procedural unconscionability.

Similarly, Defendant argues that because this Court's finding of substantive unconscionability in its original Order was based in part upon the existence of the class-action waiver, and because such provisions are no longer a valid basis for a finding of unconscionability after *Concepcion,* the arbitration provision is no longer substantively unconscionable.

Plaintiff argues in response essentially that, though the analysis may have changed, the result should remain the same. Plaintiff urges the Court to find again that Washington law applies, and that the class-action waiver was just one factor of several that the Court considered in finding the arbitration provision to be substantively unconscionable. The Court will take up each point in turn below.

### A. Washington Law Still Applies

Plaintiff filed its Notice of Appeal of the Court's Order Granting Defendant's [first renewed] Motion to Compel Arbitration on September 17, 2013 (DE # 3654).

■ This Court's original Order exhaustively analyzed the relevant Choice of Law considerations, and the Court adopts and incorporates that analysis into this Order. Briefly summarized, the Deposit Account Agreement selects Ohio law, while Washington law is the law of the forum state. In an MDL case, the transferee

court applies the choice of law rules of the forum state. *Menowitz v. Brown*, 991 F.2d 36 (2d Cir.1993). Accordingly, in undertaking its choice of law analysis, this Court must apply Washington law to determine whether Washington or Ohio substantive law will ultimately govern this dispute. This involves a two-part analysis under Washington law: first, the Court must determine whether there is an "actual and meaningful difference between the potentially applicable laws"; and if yes, the Court must determine whether the parties' choice-of-law provision in the contract is actually effective. *Coneff v. AT & T Corp.*, 620 F.Supp.2d 1248, 1252 (W.D.Wash.2009) *rev'd on other grounds by Coneff v. AT & T Corp.*, 673 F.3d 1155 (9th Cir.2012).

■ As to the first step in the inquiry, in its original Order this Court found that there are at least two actual and meaningful differences between Washington and Ohio law. DE # 592 at 1355–56. One of those differences is no longer a valid consideration in the analysis—that Washington law would invalidate class-action waivers while Ohio would enforce them is of no moment after *Concepcion*. However, the Court adheres to its alternative finding that Ohio's requirement of both procedural and substantive unconscionability, while Washington law would deem a provision unenforceable on a finding of either, is an actual and meaningful deference between the two potentially applicable states' laws.

■ Regarding the second step of the choice-of-law inquiry, Washington follows the Restatement (Second) of Conflict of Laws to determine whether a choice-of-law provision is enforceable. As relevant here, this analysis involves a three-part inquiry: (i) whether Washington law would govern absent an enforceable choice-of-law provi-

sion; (ii) whether applying the selected law (in this case Ohio law) would violate a fundamental public policy of Washington; and (iii), whether Washington has a materially greater interest in adjudicating the dispute than the other possible forum (in this case Ohio).

■ The Court finds that its analysis in its original Order of the first and third factors remains unchanged. Washington law would apply if the choice-of-law provision is unenforceable, and Washington has a materially greater interest in adjudicating the dispute than Ohio. *See* DE # 592 at 1356–58. However, the entire basis for this Court's analysis of the second factor— that applying Ohio law which enforces class-action waivers would violate Washington's fundamental public policy in favor of invalidating class-action waivers—is no longer valid after *Concepcion*. In the absence of another Washington fundamental public policy which would be violated by application of Ohio law, therefore, the parties' choice-of-law provision selecting Ohio law would be enforced.

Nevertheless, the Court still finds that application of Ohio law would violate at least one other fundamental public policy of Washington. First, and as first conceded in written argument by Defendant in its first Motion to Compel Arbitration (DE # 426 at 15–17), "Ohio's [Consumer Sales Practices Act] Does Not Apply to Banking Transactions," exempting from enforcement under consumer protection laws transactions that Washington law would protect under its own consumer protection laws. *See* RCW 19.86.020 ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.") Applying Ohio law would certainly violate this fundamental public policy of allowing consumers of

banking services to be protected by its consumer protection laws. Further, applying Ohio law under which procedurally unconscionable contracts may still be enforced would violate Washington's public policy of invalidating a contract on a finding of either procedural *or* substantive unconscionability.

Accordingly, the Court finds that the parties' choice-of-law provision selecting Ohio law is unenforceable, and that Washington law therefore applies.

### B. The Arbitration Provision is Remains Unconscionable

■ Having found that Washington law applies, the Court need only find that the arbitration provision is either substantively or procedurally unconscionable. The Court already found substantive unconscionability in its original Order, and even removing the class-action waiver from the analysis as instructed by *Concepcion*, the Court's decision remains unchanged.

While the Court's original Order did consider the class-action waiver that the Court may no longer consider in its unconscionability analysis after *Concepcion*, that was not the sole basis for the Court's decision, and in fact takes up but two paragraphs in five pages of unconscionability analysis. *See id.* at 7–11. Significantly, the Court found that several additional factors rendered the arbitration provision substantively unconscionable: (i) "the confidentiality provision in the arbitration agreement is one-sided and only benefits the Defendant"; and (ii) the agreement does not adequately ameliorate the burdens to access to an arbital forum posed by the costs of arbitration, including the filing fees and attorneys fees provisions. *Id.* Accordingly, the Court adopts and incorporates those parts of its analysis that remain undisturbed by *Concepcion* and again finds that the arbitration provision is substantively unconscionable.

### III. Conclusion

In reconsidering its June 16, 2010 Order in light of *AT & T Mobility, LLC v. Concepcion*, 563 U.S. 333, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) as instructed by the Eleventh Circuit on remand, and for the reasons stated herein, the Court finds that the outcome remains the same and that the arbitration provision remains substantively unconscionable, and therefore is unenforceable.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant KeyBank National Association's Second Renewed Motion to Compel Arbitration and Dismiss the Complaint **(DE # 3934)** be, and the same hereby is **DENIED.**