[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11766
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03322-CC


FAITH SHERRARD,

                                        Plaintiff - Appellant,

versus

MACY'S SYSTEM AND TECHNOLOGY INC.,

                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 5, 2018)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Faith Sherrard, proceeding *pro se*, filed this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, against Macy's System and Technology Inc.   After Macy's failed to respond to the complaint, the clerk of court entered a default.   Macy's moved to set aside the entry of default and the district court granted its motion, finding Macy's had shown good cause.   Macy's then filed a motion to compel arbitration, which the district court also granted.   This is Ms. Sherrard's appeal from both adverse rulings.   After careful review of the record and the parties' briefs, we affirm.

## I

We review a ruling on a motion to set aside a default for an abuse of discretion.   *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).   "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."   *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015).

A district court may set aside an entry of default for good cause.   *See* Fed. R. Civ. P. 55(c).   Macy's, the defaulting party, bore the burden of establishing good cause.   *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201,

2

1202 (11th Cir. 1999). Good cause is a mutable and liberal standard, "not susceptible to a precise formula." *Compania Interamericana*, 88 F.3d at 951. Although not "talismanic," factors in the analysis include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* Also instructive may be "whether the defaulting party acted promptly to correct the default." *Id. See also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (detailing factors instructive to the good cause analysis). A district court need make no further findings if it determines that the default was willful. *See Compania Interamericana*, 88 F.3d at 951–52. We generally view defaults with disfavor due to our "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The district court did not abuse its discretion in granting Macy's motion to set aside the entry of default. Here, the record supports the district court's conclusion that Macy's default was not willful.[1]

Due to an administrative oversight, Macy's counsel did not become aware that Macy's had been served with the complaint until October 13, 2016. Before

---

[1] On appeal, Ms. Sherrard contends that the district court should have analyzed both whether the default was intentional and whether it was reckless. As noted, the district court is not required to follow a precise formula. *See Compania Interamericana*, 88 F.3d at 951. Moreover, the district court's findings that "there is no indication that the failure to respond rose to the level of willful conduct," D.E. 9 at 6, encompasses both whether the party acted intentionally or with reckless disregard. *See Compania Interamericana*, 88 F.3d at 951–52 (noting "a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings").

that time, Macy's outside counsel had been discussing a waiver of service with Ms. Sherrard, further evidencing that counsel was unaware service was actually effectuated on September 14, 2016. Ms. Sherrard does not contend that she told Macy's that service had already been effectuated. Also influential was that Macy's acted promptly to correct the default. Just three days after the clerk's entry of default, and one day after becoming aware that Macy's had been served, it filed the motion to set aside the entry of default. This quick response further supports a finding of good cause. *See Perez*, 774 F.3d at 1337 n.7.

Ms. Sherrard argues that setting aside the default prejudices her because she must respond to motions and do other litigation-related tasks. The inquiry, however, is "whether prejudice results from the *delay*, not from having to continue to litigate the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (emphasis original). Moreover, there is no prejudice in requiring a plaintiff to prove his or her case. *See Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("[T]he setting aside of the default has done no harm to plaintiff except to require it to prove its case… [It] will not prevent plaintiff's making its proof and obtaining the decree to which it is entitled."); *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case.") (quotation omitted). Ms.

Sherrard's increased costs in having to litigate are not sufficient to establish prejudice because "[s]etting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010) (emphasis original). There is no suggestion that the brief delay caused a loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion. *See Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) (listing potential reasons a delay may qualify as sufficient prejudice under Rules 55(c) and 60(b)).

We note that the district court properly refused to rely upon Macy's bald assertions that it had a meritorious defense. Our good cause analysis, however, does not require that each factor be satisfied. *See Compania Interamericana*, 88 F.3d at 951. Macy's inadvertent mistake, prompt action to correct its default, and the lack of prejudice are sufficient to show good cause. Based on the foregoing factors, the district court did not abuse its discretion in determining that Macy's demonstrated good cause for vacating the clerk's entry of default.

## II

We review an order granting a motion to compel arbitration *de novo*. *See In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1293 (11th Cir. 2014). The Federal Arbitration Act reflects a "liberal federal policy favoring arbitration,"

*AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011), and requires that federal courts address questions of arbitrability "with a healthy regard" for that policy. *In re Checking Account Overdraft Litig.*, 754 F.3d at 1294. "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *Concepcion*, 563 U.S. at 339 (citations omitted).

The record before the district court reflected that Ms. Sherrard received a copy of Macy's Solution InStore arbitration program, which included provisions explaining how to opt out if desired. She admits that she did not opt out. So the question before us is not whether the arbitration contract exists, but whether Macy's waived its right to enforce that contract.

"Despite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (citation and alteration omitted). *See also In re Checking Account Overdraft Litig.*, 754 F.3d at 1294 ("Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right."). We apply a two-part test to determine whether a party has waived its right to arbitration. "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Garcia*, 699 F.3d at 1277 (quotation omitted). This occurs when the party "substantially invokes the litigation

6

machinery prior to demanding arbitration." *Id.* "[S]econd, we look to see whether, by doing so, that party has in some way prejudiced the other party." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002) (quotation omitted). To determine prejudice, "we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990).

Ms. Sherrard has failed to meet her heavy burden under the first prong of the test. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n.17 (11th Cir. 2011) ("Because federal policy strongly favors arbitration, the party who argues waiver bears a heavy burden of proof under this two-part test.") (quotation omitted). Before moving to compel arbitration, Macy's only substantive filing was its motion to set aside the entry of default.[2]

Although Macy's participated in the litigation to a minor extent, this participation was not the sort of *substantial* participation that could be considered "inconsistent with an intent to arbitrate." *Ivax Corp.*, 286 F.3d at 1316. *See also*

---

[2] Macy's argues that Ms. Sherrard waived the argument that its motion to set aside the entry of default constitutes a waiver of arbitration. We agree that Ms. Sherrard's argument below was that Macy's alleged delayed response to her internal complaints with management was itself inconsistent with arbitration. Because this conduct is not invocation of the "litigation machinery," the district court was correct to reject this argument. *See Garcia*, 699 F.3d at 1277. The district court, however, discussed Macy's motion to set aside the entry of default in its analysis of the first prong. Due to the consideration below and because "the proper resolution is beyond any doubt," we exercise our discretion to consider this argument not raised below. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1250 (11th Cir. 2012).

*Coca–Cola Bottling Co. of New York, Inc. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57–58 (2nd Cir. 2001) ("neither filing an answer nor waiting four months to seek arbitration was sufficient to constitute a waiver"); *PNC Bank, N.A. v. Presbyterian Ret. Corp.*, No. 14-0461-WS, 2015 WL 1931395, at *9, n. 14 (S.D. Ala. Apr. 28, 2015) ("PNC Bank merely participated in the parties' planning meeting, contributed to the Rule 26(f) report, filed a brief in opposition to a motion for preliminary injunction, and agreed to a consent resolution of said motion. … Such activities are insufficient to constitute substantial invocation of litigation…").  In fact, moving to set aside the entry of the default was the only procedure Macy's could have used to permit it to seek arbitration in this action.  Other courts have noted that a party does not substantially invoke the litigation machinery by "participating in litigation only to avoid a default judgment." *United States v. Williams Bldg. Co., Inc.*, 137 F. Supp. 3d 6, 11–12 (D. Mass. 2015) (concluding litigation machinery had not been invoked by answering complaint and filing counter-claims).  We agree that Macy's participation in this litigation—only to avoid a default judgment—is not substantial enough to determine that it "acted inconsistently with the arbitration right." *Garcia*, 699 F.3d at 1277.  Because Ms. Sherrard has failed to meet her burden on this first prong, she cannot show that Macy's waived its right to arbitration.

8

In her complaint and on appeal, Ms. Sherrard details what she contends is illegal employment discrimination by Macy's.  The order compelling arbitration and our ruling here express no opinion on the merit of those claims.  Instead, we decide only that, based on the parties' agreement to arbitrate, Ms. Sherrard's claims must be heard through arbitration.

### III

For the foregoing reasons, we affirm the district court's decision to set aside the entry of default and order compelling arbitration.

**AFFIRMED**.