[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11760
Non-Argument Calendar

_____

D.C. Docket No. 7:17-cv-01533-LSC

LINDSAY DAVIS,
BENJAMIN DAVIS,

Plaintiffs - Appellees,

versus

J. MICHAEL WHITE,
ECO-PRESERVATION SERVICES L.L.C.,
SERMA HOLDINGS LLC,
AKETA MANAGEMENT GROUP,
KNOBLOCH INC,

Defendants - Appellants,

TOWN OF LAKE VIEW, THE, et al.,

Defendants.

_____

No. 19-11761
Non-Argument Calendar

_____

D.C. Docket No.  7:17-cv-01534-LSC

NICOLE SLONE,
JONATHAN SLONE,

Plaintiffs - Appellees,

versus

J. MICHAEL WHITE,
ECO-PRESERVATION SERVICES L.L.C.,
SERMA HOLDINGS LLC,
AKETA MANAGEMENT GROUP,
KNOBLOCH INC,

Defendants - Appellants,

TOWN OF LAKE VIEW, THE, et al.,

Defendants.

_____

No. 19-11762
Non-Argument Calendar
_____

D.C. Docket No.  7:17-cv-01535-LSC

MONICA LAWRENCE,
JOHN LAWRENCE, JR.,

Plaintiffs - Appellees,

versus

J. MICHAEL WHITE,
ECO-PRESERVATION SERVICES L.L.C.,
SERMA HOLDINGS LLC,

2

AKETA MANAGEMENT GROUP,
KNOBLOCH INC,

Defendants - Appellants,

TOWN OF LAKE VIEW, THE, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(January 7, 2020)

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellees are three families living in the Lake View area of Tuscaloosa County, Alabama. Under agreements with the local government, Defendant-Appellant J. Michael White owns and operates Lake View's sanitary sewer system through several private entities, which along with White, are the appellants here (collectively, the "sewer company"). After receiving sewer bills in excess of $5,000, and lacking any other recourse to resolve what they viewed as excessive and unwarranted charges, the families filed separate lawsuits against the sewer company and the local government, among others not relevant to this appeal, alleging constitutional and state-law violations. Eighteen months into the litigation, the sewer company filed motions to compel arbitration of the disputes in accordance

3

with binding arbitration agreements. The district court denied the motions, concluding that the sewer company had waived its right to arbitrate. The sewer company appealed, and the three appeals have been consolidated for review. After careful consideration, we affirm.

## I.

Because it is relevant to the issues on appeal, we recount the procedural history of this case in some detail. On September 11, 2017, the three families, represented by the same counsel, filed separate lawsuits against the sewer company and the local government. Each complaint reflects similar allegations. According to the complaints, the sewer company had the families' water shut off for delinquency—by the prior owners, in the Davises' case—by placing a lock on the property water line, charged the families substantial fees after falsely accusing them of tampering with that lock, and then threatened them with criminal prosecution if they did not pay. Further, the complaints alleged that the sewer company offered no meaningful means to contest the charges and that the local government failed to exercise any oversight.

Based on these allegations, the families brought claims against the sewer company for (1) procedural-due-process violations under 42 U.S.C. § 1983; (2) conspiracy to commit § 1983 violations; (3) state-law trespass; (4) state-law deprivation of property rights; (5) state-law private nuisance; (6) state-law outrage;

4

(7) state-law unlawful or deceptive trade practices; and (8) violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692.

On October 31, 2017, the sewer company filed motions to dismiss the families' complaints for failure to state a claim under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  Addressing each of the families' claims, the sewer company argued that the families failed to meet pleading standards and that their allegations were insufficient to state any plausible claim to relief.  One week later, the sewer company moved to stay all deadlines, asserting that its motions to dismiss would "resolve this case and obviate the defendants' need to comply with those deadlines."  On December 14, 2017, the families filed responses in opposition to the motions to dismiss, and the sewer company replied on December 27, 2017.

On February 15, 2018, the parties jointly submitted a report of their planning meeting, pursuant to Rule 26(f), Fed. R. Civ. P.  Consistent with that report, the district court entered a scheduling order setting deadlines and rules for, among other things, amendments to the pleadings, discovery, and dispositive motions.  The order set the matter for a bench trial to begin on July 15, 2019.

On April 16, 2018, the deadline for amendment of the complaints, the families filed amended complaints expanding on the complaints' allegations and adding a claim against the sewer company for unjust enrichment. The district court construed the amended complaints as including implied motions to amend and then ordered

5

the sewer company to show cause why the implied motions to amend should not be granted.  On May 24, 2018, the sewer company responded that the families' proposed amendments were futile.

Two months later, on July 30, 2018, the sewer company filed motions to strike the families' deposition notices scheduling the deposition of another defendant for August 20, 2018, and to stay discovery pending the resolution of its motions to dismiss.  After the families responded in opposition, noting that the sewer company had agreed that all discovery should be commenced in time to be completed by January 2019, the district court denied without explanation the motions to strike.

On September 21, 2018, the district court entered a 24-page opinion granting the families' implied motions to amend and concluding that their complaints, as amended, stated plausible claims to relief.  The court terminated the pending motions to dismiss as moot and advised the sewer company "not to file any motion to dismiss if the grounds for such a motion are addressed by this opinion."  The court then ordered the sewer company to answer the amended complaints within ten days.

Instead of answering the complaint, the sewer company filed appeals of the district court's September 21, 2018, decision.  The sewer company claimed that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), authorizes immediate appeal of an order denying a motion to dismiss and that a failure to allow the interlocutory appeal

6

"effectively denie[d] [it] the right to avoid expensive and time-consuming discovery."

On November 27, 2018, this Court *sua sponte* dismissed the appeals for lack of jurisdiction. We explained that the district court's order, under well-established precedent, was neither a final and appealable order nor subject to immediate review under the "collateral order" doctrine. On December 17, 2018, the sewer company moved for reconsideration of the dismissals, and the families responded. This Court denied reconsideration on March 6, 2019.

Meanwhile, on March 1, 2019, the families moved for a clerk's entry of default and for default judgment against the sewer company for failure to answer the complaints, despite being repeatedly pressed by the families' counsel to do so. On March 7, 2019, the district court ordered the sewer company to show cause why these motions should not be granted.

That same day, the sewer company notified the families' counsel for the first time that it intended to submit the disputes to arbitration. One week later, the sewer company filed responses to the order to show cause, claiming that it was not in default because it was waiting for this Court to resolve its appeals. The sewer company noted that it had "notified the Plaintiffs of [its] intention to invoke the arbitration provision applicable between the parties."

7

Then, on March 20, 2019, just over eighteen months from the filing of the complaints, the sewer company filed motions to compel arbitration and to stay proceedings pending arbitration. The sewer company asserted that the families were bound by mandatory arbitration provisions in Utility Service Agreements that governed the provision of sewer services to the families' homes. According to the sewer company, the arbitration provisions applied to "all claims" against them.

The families responded that the sewer company had waived any right to arbitrate by substantially invoking the litigation machinery prior to demanding arbitration and by prejudicing the families. The families noted that the sewer company was seeking arbitration only after receiving unfavorable outcomes on its motions to dismiss, and that the sewer company's counsel had "[a]ctively participat[ed] in discovery including 9 of the 11 depositions taken, actively taking the lead role deposing Plaintiffs in 6 of the 11 depositions."

After the sewer company replied, the district court denied the motions to compel arbitration. The court concluded, as the families contended, that the sewer company had waived its right to compel arbitration. The court found that the sewer company had acted inconsistently by forgoing arbitration "until it became clear that [it] would need to continue to litigate the claims in this forum." The court also

8

concluded that the families had been prejudiced by the sewer company's conduct. The sewer company now appeals.[1]

## II.

We review *de novo* a district court's denial of a motion to compel arbitration on the ground that a party waived its right to arbitrate. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002).

Although federal law favors arbitration, a party can, by its conduct, waive its right to arbitrate a dispute. *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012). Waiver occurs when, under the totality of the circumstances, "both: (1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party." *Johnson v. Keybank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quotation marks omitted); *Ivax Corp.*, 286 F.3d at 1315. When evaluating prejudice, "we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990). The party arguing for waiver bears

---

[1] To preserve the issue for further review, the sewer company maintains that the issue of waiver is for the arbitrator, not the courts. As it acknowledges, however, we have held to the contrary. *E.g.*, *Grigsby & Assocs., Inc. v. M. Sec. Inv.*, 664 F.3d 1350, 1354 (11th Cir. 2011) ("[Q]uestions of waiver based on a party's litigation conduct are for the courts to resolve.").

a heavy burden of proof in light of the federal policy favoring arbitration. *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018).

"[T]he purpose of the waiver doctrine is to prevent litigants from abusing the judicial process." *Id.* As we explained in *Gutierrez*,

> Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime. The judicial system was not designed to accommodate a defendant who elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim. Allowing such conduct would ignore the very purpose of alternative dispute resolution: saving the parties' time and money.

*Id.* Whether a party gave "fair notice" of its intent to exercise its arbitration rights at a relatively early stage of litigation "is a primary factor in considering whether a party has acted consistently with its arbitration rights." *Id.* at 1236–37. "If the court and the opposing party have such notice at an early stage in litigation, they can manage the litigation with this contingency in mind." *Id.* at 1236.

The sewer company maintains that the families have not met the high burden of establishing that it waived its right to arbitrate. The sewer company claims that it went to great lengths to avoid the litigation machinery, seeking a stay of discovery pending the resolution of its motions to dismiss and participated in only depositions initiated by others. Further, it asserts that it never "sought or received a ruling on the underlying merits of the Plaintiffs' claims," and that merely testing the

10

sufficiency of a complaint through a motion to dismiss does not waive the right to arbitrate. Finally, it contends that the families have not shown prejudice.

## A.

We affirm the district court. First, we agree that the sewer company acted inconsistently with its right to arbitrate. The sewer company filed motions to dismiss seeking dismissal for failure to state a claim upon which relief could be granted and then opposed the families' implied motions to amend the complaints as futile. When the sewer company lost those motions and was ordered to answer the complaints, it instead filed frivolous appeals, asking this Court to overturn what was plainly not a final or immediately appealable ruling. Only when it became clear that the sewer company could not have the three lawsuits dismissed did it invoke arbitration. As the district court stated, this conduct smacks of outcome-oriented "gamesmanship" inconsistent with the right to arbitration.

The sewer company's arguments in response are unconvincing. The sewer company claims that it never sought a ruling on the merits and that a party may file a motion to dismiss without waiving the right to arbitrate. We agree to the extent that "[n]ot every motion to dismiss is inconsistent with the right to arbitration."[2]

---

[2] Contrary to the sewer company's assertion, this Court has never held that a party may file a motion to dismiss without waiving the right to arbitration. In *Krinsk v. SunTrust Banks, Inc.*, we simply quoted a district court ruling that "a defendant may test the sufficiency of a complaint without waiving [the defendant's] right to arbitration," but we resolved the appeal on other ground and did not express or imply any approval of that ruling. 654 F.3d 1194, 1201 (11th Cir. 2011).

*Hooper v. Advance Am., Cash Advance Ctrs. Of Mo., Inc.*, 589 F.3d 917, 922 (8th Cir. 2009).   Motions to dismiss may not be inconsistent with an agreement to arbitrate where the party seeks dismissal on non-merits grounds, *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) ("[A]lthough filing a motion to dismiss that does not address the merits of the case is not sufficient to constitute an inconsistent act, seeking a decision on the merits of an issue may satisfy this element."), where the party seeks dismissal of a frivolous claim, *Khan v. Parson Global Servs., Ltd.*, 521 F.3d 421, 427 (D.C. Cir. 2008), or where the motion seeks to separate arbitrable from non-arbitrable claims, *Sweater Bee by Banff, Ltd. v. Manhattan Indus.*, 754 F.2d 457, 463 (2d Cir. 1985) ("Plainly, the portions of the motion [to dismiss] addressed to nonarbitrable claims do not constitute a waiver.").

But here, the sewer company's motions to dismiss, as well as its arguments that amendment of the complaints would be futile and its pursuit of appeals with this Court, sought to resolve the parties' entire dispute on the merits.  *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992) ("Submitting a case to the district court for decision is not consistent with a desire to arbitrate.  A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum.").  The sewer company sought dismissal of all of the families' claims for failure to state a claim under Rule 12(b)(6).  And "[t]he dismissal for failure to

12

state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of *res judicata*. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (*quoting Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). In other words, had the sewer company's motions succeeded, the families would have been prohibited from pursuing their claims going forward. *Cf. Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 985 F.2d 1067, 1069 (11th Cir. 1993) (holding that the district court properly refused to compel arbitration of claims that were barred by *res judicata*). Under the circumstances, the sewer company's pursuit of its motions to dismiss both below and on appeal represented a substantial invocation of the litigation process.[3]  *See Hooper*, 589 F.3d at 921–22.

The sewer company's claim that it filed its motions to dismiss on "*nonarbitral* issues," as in *Sweater Bee*, is not supported by the record. In *Sweater Bee*, a majority of the claims in the plaintiffs' complaint were non-arbitrable antitrust claims. 754 F.2d at 463. Moreover, the plaintiffs' complaint was "intricate," "setting forth numerous claims outside the scope of, though partially related to, the arbitrable claims." *Id.* In those circumstances, according to the Second Circuit, filing a motion to dismiss did not amount to waiver. *See id.* ("Plainly, the portions of the motion addressed to nonarbitrable claims do not constitute a waiver.").

---

[3] We do not attribute much significance to the sewer company's participation in discovery, as it sought to stay all discovery pending the resolution of its motion to dismiss, and the facts regarding discovery are not well developed.

13

The sewer company, however, makes no claim that any of the families' claims were non-arbitrable. In fact, it said just the opposite in its motions to compel arbitration, advising the district court that the arbitration provisions applied to "all claims against them" by the families. Nor has the sewer company suggested that the motions to dismiss were necessary to resolve some ambiguity about whether the claims were arbitrable, or that the eighteen-month delay in invoking the arbitration agreements was due to the fact that the sewer company was unaware of or unsure about whether those agreements applied.

Instead, the sewer company sought to arbitrate the exact same claims that it had previously asked the district court to resolve fully and finally. This shows that the sewer company "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." *Hooper*, 589 F.3d at 922 (quotation marks omitted). That conduct is not consistent with the sewer company's provision of "fair notice" of its intent to exercise its arbitration rights at an early stage in litigation. *See Gutierrez*, 889 F.3d at 1236–37. Rather, the sewer company "wanted to play heads I win, tails you lose, which is the worst possible reason for failing to move for arbitration sooner than it did." *Hooper*, 589 F.3d at 922 (quotation marks omitted). Accordingly, we conclude that the sewer company acted inconsistently with its arbitration rights.

**B.**

14

Second, the district court did not err in concluding that the families had been prejudiced by the sewer company's conduct. "Prejudice exists when the party opposing arbitration undergo[es] the types of litigation expenses that arbitration was designed to alleviate." *In re Checking Account Overdraft Litig.*, 754 F.3d at 1294 (quotation marks omitted).

Rather than pressing the arbitration provisions from the outset of the case— and the sewer company has offered no reason why it was unable to do so—the sewer company filed a motion to dismiss, opposed amendment of the complaint on grounds of futility, and then filed an interlocutory appeal of the denial of its motion to dismiss. In doing so, the sewer company forced the families "to spend resources opposing the original motion and contesting its appeal—precisely the kind of litigation costs that the [arbitration] provision intended to alleviate." *Id.* at 1296. The prejudice here may not have been extensive, but the sewer company nevertheless "slow[ed] the process and magnif[ied] its costs," undermining "the purposes of the Federal Arbitration Act's liberal policy favoring arbitration agreements." *Id.* (quotation marks omitted). The sewer company had ample opportunity to demand arbitration at an earlier point in the proceedings, and had it done so, the families and the district court could have "managed the litigation with this contingency in mind." *Gutierrez*, 889 F.3d at 1236. Instead, the sewer company chose to wait to raise arbitration until litigating in federal court proved unfavorable.

15

Under the totality of the circumstances, this is sufficient to show prejudice to the families for purposes of waiver. *See Hooper*, 589 F.3d at 923–24 (finding prejudice on similar facts).

## III.

The families have filed a motion for damages and costs, pursuant to Rule 38, Fed. R. App. P., against the sewer company for pursuing a frivolous appeal. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An award of damages and costs under Rule 38 is appropriate against an appellant who raises "clearly frivolous claims in the face of established law and clear facts." *Parker v. Am. Traffic Solutions, Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016). "[A] claim is clearly frivolous if it is utterly devoid of merit." *Id.* (quotation marks omitted).

Although we have concluded that the district court properly found that the sewer company had waived its right to arbitration, the sewer company's arguments were not meritless. Waiver is a fact-specific determination, there is no binding precedent directly on point, and the sewer company cited relevant persuasive authority that supported its position. Even though we were not ultimately persuaded by the sewer company's arguments, its position was not frivolous, particularly given

16

the federal policy favoring arbitration. Accordingly, we deny the families' request for sanctions under Rule 38.

## IV.

For the foregoing reasons, the families have shown that the sewer company knew of its right to arbitration, acted inconsistently with that right, and prejudiced them by their inconsistent actions. Accordingly, we agree with the district court that the sewer company waived its right to arbitration, and we affirm the denial of the sewer company's motions to compel arbitration. We deny the motion for sanctions under Rule 38.

**AFFIRMED.**